**Dixie KIRBY, Individually and on Behalf of All Others Similarly Situated, Plaintiff,**

v.

**Clayton A. SPROULS, in his official capacity as Clerk of the Circuit Court, Edgar County, Illinois, Defendants.**

No. 88–2245.

United States District Court, C.D. Illinois.

Sept. 13, 1989.

Valerie McWilliams & John Roska, Land of Lincoln Legal Assistance Foundation, Inc., Champaign, Ill., Richard Chase, Land of Lincoln Legal Assistance Foundation, Inc., East St. Louis, Ill., for plaintiff.

Neil F. Hartigan, Atty. Gen., Randy E. Blue, Asst. Atty. Gen., Springfield, Ill., for Sprouls.

## ORDER

BAKER, Chief Judge.

This matter is before the court on the plaintiff's motion for summary judgment. For the reasons discussed below, the motion is allowed.

## I. BACKGROUND

The plaintiff, Dixie Kirby, brought this class action [1] pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief on the grounds that the procedure providing for garnishment in the Illinois statute governing wage deductions, Ill.Rev.Stat. ch. 110, §§ 12–801 to 12–819 (1987),[2] violates the Due Process Clause of the Fourteenth Amendment both on its face and as applied by the defendant Edgar County.[3] Specifically, the plaintiff argues that the current procedure violates due process because judgment debtors whose wages are garnished do not receive notice of the garnishment proceeding, of their exemption rights

---

1. The plaintiff class was certified on January 19, 1989, and includes "all judgment debtors who are now, have been, or will be subject to wage garnishment following issuance of the summons by the Edgar County Circuit Clerk."

2. The statute is set forth in its entirety in Appendix A.

3. Defendant Medical Center Clinic of Paris, Ltd., has resolved the allegations against it with regard to the named plaintiff and has been dismissed from the suit. *See* Court's order of August 24, 1988.

under Illinois and federal law, or of the means to exercise those rights.

The relevant facts are as follows.[4]

## A. *Wage Garnishment Procedure*

Creditors seeking to enforce judgments in Illinois may initiate wage garnishment if the debtor is employed. The Illinois statute governing such garnishment is generally set forth in Ill.Rev.Stat. ch. 110, §§ 12–801 through 12–819 (1987). The procedure prescribed by statute requires the creditor to file an affidavit and written interrogatories regarding the debt. The clerk of the court then issues a summons which commands the employer to answer the interrogatories in writing and under oath. Ill. Rev.Stat. ch. 110, § 12–805 (1987).

The interrogatories request the employer to specify the amount of wages due the debtor for the eight week period immediately following service of the summons. Ill.Rev.Stat. ch. 110, § 12–808(c) (1987). The summons must be accompanied by a copy of the underlying judgment and a copy of Title III of the Federal Consumer Credit Protection Act (15 U.S.C. §§ 1671–1677). Ill.Rev.Stat. ch. 110, § 12–805 (1987). The statute does not require that a copy of the more favorable Illinois statutory restrictions on garnishment be provided to the employer.

Federal law restricts wage garnishment to the lesser of: (a) 25 percent of disposable earnings for a week, or (b) the amount by which an individual's weekly earnings, after deducting amounts required by law to be withheld, exceed thirty times the Federal Minimum Hourly Wage (currently $100.50 per week). 15 U.S.C. § 1673(a) (1982).

The wage deduction exemption under the Illinois statute is more generous than that specified by federal law. Wage deductions are limited to the lesser of (a) 15 percent of gross earnings per week, or (b) the amount by which disposable earnings[5] for a week exceed forty times the Federal Minimum Hourly Wage (currently $134 per week). Ill.Rev.Stat. ch. 110, § 12–803 (1987). In addition, certain pension and retirement benefits are exempt from garnishment. Ill.Rev.Stat. ch. 110, § 12–804 (1987).

The Illinois statutory scheme does not require that judgment debtors be notified of the pendency of the garnishment proceedings or of exemptions under Illinois and federal law. Nor does the statute require notice of and an opportunity for a prompt hearing enabling the debtor to assert any exemption rights. Furthermore, the wage garnishment procedure as implemented in Edgar County does not provide any notice to debtors of their exemption rights, of the means to assert those rights, or even of the pendency of the procedure.

The Defendant Clerk issues all garnishment summonses for Edgar County. The summons and interrogatories are served on the employer, not on the debtor. Creditors routinely use form wage deduction summonses, affidavits, and interrogatories. The Edgar County Clerk's office makes such standardized forms available. The form summonses and interrogatories are often confusing, sometimes outdated,[6] and fail to elicit enough information to determine whether a debtor's exemption rights

4. Because the defendant has stipulated that there are no genuine issues of material fact in dispute (*See* Defendant's Response Docket # 25 at 1), the plaintiff's account of the facts is set forth below in substantially the same form as it appears in Plaintiff's Brief in Support of Motion for Summary Judgment (Docket # 21).

5. "Disposable earnings" means that part of the earnings remaining after deductions required by law have been withheld. Ill.Rev.Stat. ch. 110, § 12–803 (1987).

6. In Kirby's case, the interrogatories to the employer stated "You are required by law to withhold the lesser of (1) 15% per week of the gross amount paid the employee named herein for any work week, or (2) the amount by which disposable earnings of said employee for a week exceeded thirty times the Federal Minimum Hourly Wage...." By August 21, 1987, however, Illinois law had changed the formula in part (2) to forty times the Federal Minimum Hourly Wage. Ill.Rev.Stat. ch. 110, § 12–803 (1987). The interrogatories used in Edgar County are thus outdated and need to be hand-corrected. The court is unable to determine from the record exactly when all interrogatories in Edgar County were hand-corrected to reflect the 1987 change to the law.

are being observed or ignored.[7] Consequently, it is often impossible to determine from the returned interrogatories whether the amount actually withheld is the correct amount under state and federal law.[7A]

Sometime after the interrogatories are returned, the creditor presents a prepared turnover order to a judge that requires the employer to release the funds to the creditor. The debtor never sees this *ex parte* order.

## B. *The Named Plaintiff's Situation*

The plaintiff Kirby had a judgment entered against her by the Medical Center of Paris in April 1987. Approximately two months later, she was called into her employer's office at Central States Packaging in Danville. There her boss indicated that she had been served a wage garnishment summons and, as a result, would have to withhold fifteen percent of Kirby's weekly gross income beginning with her next paycheck. That was the first time Kirby heard about the pending wage garnishment action.

Kirby received no notice from the creditor of the pending wage garnishment action. She also received no written notice of the legal limitations of the garnishment procedure. She knew nothing of such restrictions until she contacted Legal Aid near the end of the eight week garnishment period.

At the time, Kirby was earning $4.25 an hour but her working hours were erratic. Although she was hired to work thirty-six hours a week, the actual number of hours varied from week to week. She occasionally worked more than thirty-six hours but generally worked less than that. (Deposition of Dixie Kirby at p. 12; Affidavit of Dixie Kirby at Pars. 11 and 15.)

Kirby's employer misunderstood the garnishment limitations. The employer believed that she was *required* to withhold fifteen percent of Kirby's gross earnings. That is what she told Ms. Kirby. (Deposi-

tion of Dixie Kirby at pp. 12–15.) In fact, the information on the form specified that the employer was required to withhold the *lesser* of (1) fifteen percent of Kirby's gross earnings or (2) the amount by which Ms. Kirby's "disposable income" exceeded thirty times the minimum wage. Because Ms. Kirby received no notice of her exemption rights or even a copy of the interrogatories that were served on and answered by her employer, she assumed that her employer was withholding the correct amount. She had no reason to suspect this was erroneous until she learned of the existence of Legal Aid and contacted the Champaign Land of Lincoln Legal Assistance office.

The employer sent a check for $146.85 to the Clerk's office when she returned the interrogatories ($154.85 actually withheld, less an $8 fee). The amount by which actual withholdings exceeded legal withholdings was $45.75. (Affidavit of Dixie Kirby at Par. 15.) This amount was never refunded to Kirby.

The same employer, in response to a new wage garnishment summons, began garnishing Ms. Kirby's wages again on December 31, 1987. The employer again withheld fifteen percent of Kirby's gross wages even though her disposable income never exceeded forty times the minimum wage for any week (the alternative figure under Ill.Rev.Stat. ch. 110, § 12–803 (1987) since August 21, 1987). Eventually, the employer returned all the withheld money under the second summons to Ms. Kirby, but Kirby was deprived of the use of $163.39 worth of exempt income for weeks.

Although the parties agree there are no genuine issues of material fact (Plaintiff's Brief in Support of Motion for Summary Judgment, Docket #21 at 7; Defendants' Response, Docket #25 at 1), the parties disagree as to the analysis the court should use in disposing of this matter. The defendant relies on *Endicott Johnson Corp. v. Encyclopedia Press, Inc.*, 266 U.S. 285, 45

---

**7.** For example, the form given out by the Edgar County Clerk's office only requires employers to list weekly gross earnings. It does not require employers to list weekly disposable earnings.

**7A.** The court concludes that the deprivation of the debtor's property occurs at the time the turnover order is entered at the conclusion of the garnishment proceedings.

S.Ct. 61, 69 L.Ed. 288 (1924) and *Griffin v. Griffin*, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635 (1946), for the proposition that the Fourteenth Amendment does not require that a judgment debtor be given notice of and an opportunity to defend against a wage deduction proceeding to collect a debt that has already been reduced to a judgment. The rationale of *Endicott* is that the post-judgment debtor has already had notice and an opportunity to defend before the debt was reduced to a judgment. The defendant contends that the Court reaffirmed *Endicott* in *Griffin v. Griffin*, 327 U.S. 220, 228, 66 S.Ct. 556, 560, 90 L.Ed. 635 (1946), an interpretation questioned by the plaintiff and several courts. The plaintiff, instead, argues that *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and not *Endicott* is controlling, and that the application of the *Mathews* analysis to the Illinois wage garnishment procedure requires the conclusion that the statute violates due process.

## II. DISCUSSION

### A. *Applicable Law*

For a due process violation to exist, there must be a property interest and a deprivation of the property interest without the procedural protection that the Fourteenth Amendment mandates. (U.S. Const. Amend. XIV § 1.) A person has a property interest in his or her wages. *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 340, 89 S.Ct. 1820, 1822, 23 L.Ed.2d 349 (1969) (wages are a special type of property); *Wagner v. Duffy*, 700 F.Supp. 935, 942 (N.D.Ill.1988). Whether the Illinois wage garnishment procedure deprives the plaintiff of a property interest without procedural due process, however, warrants more discussion.

As mentioned above, the parties disagree over whether *Endicott* or *Mathews* is controlling. In *Endicott*, the Supreme Court upheld the constitutionality of the New York wage garnishment procedure against a challenge that the procedure violated due process by authorizing the issuance of a garnishment execution without notice to the judgment debtor and without affording him a hearing. *Endicott*, 266 U.S. at 287–89, 45 S.Ct. at 62–63. The Supreme Court reasoned that:

> [T]he established rules of our system of jurisprudence do not require that a defendant who has been granted an opportunity to be heard and has had his day in court, should, after a judgment has been rendered against him, have a further notice and hearing before supplemental proceedings are taken to reach his property in satisfaction of the judgment. Thus, in the absence of a statutory requirement, it is not essential that he be given notice before the issuance of an execution against his tangible property; after the rendition of the judgment, he must take "notice of what will follow," no further notice being "necessary to advance justice." (Citations omitted.)

*Id.* at 288, 45 S.Ct. at 62–63.

While the defendant argues that *Endicott* requires that the court uphold the constitutionality of the Illinois wage garnishment procedure, the plaintiff urges the court to adopt the more recent analysis set forth in *Mathews* under which, the plaintiff argues, the Illinois wage garnishment procedure violates due process.

In *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Supreme Court articulated the test to be used in deciding whether a procedure comports with due process:

> [I]dentification of the specific dictates of due process generally requires consideration of three factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335, 96 S.Ct. at 903.

The Supreme Court has not expressly overruled *Endicott*. The Court decided

*Griffin v. Griffin, see supra* p. 518 without mentioning *Endicott.* There is debate as to the effect of *Griffin* on *Endicott. See* cases cited in *McCahey v. L.P. Investors,* 774 F.2d 543, 548 n. 6 (2d Cir.1985); *see also Follette v. Vitanza,* 658 F.Supp. 492, 510–11 (N.D.N.Y.1987).

Other courts have questioned *Endicott*'s continued vitality, in light of more recent due process decisions, *see Dionne v. Bouley,* 757 F.2d 1344, 1351 (1st Cir.1985); *Finberg v. Sullivan,* 634 F.2d 50, 56–58 (3d Cir.1980) (en banc); *Brown v. Liberty Loan Corp.,* 539 F.2d 1355, 1363–69 (5th Cir.1976); *Harris v. Bailey,* 574 F.Supp. 966, 969 (W.D.Va.1983); *Deary v. Guardian Loan Co., Inc.,* 534 F.Supp. 1178, 1185–86 (S.D.N.Y.1982). In recent years, numerous plaintiffs have challenged the constitutionality of post-judgment remedies under the due process clause. *See* cases cited in *McCahey v. L.P. Investors,* 774 F.2d 543, 547 n. 5 (2d Cir.1985).

The majority of courts that have considered the constitutionality of wage garnishment procedures have adopted the balancing test articulated in *Mathews. See Dionne v. Bouley,* 757 F.2d at 1351–52 (application of *Mathews* to Rhode Island post-judgment garnishment procedure); *McCahey,* 774 F.2d at 549 (application of *Mathews* to New York's post-judgment remedy); *Finberg,* 634 F.2d at 58 (application of *Mathews* to Pennsylvania statutory procedure for post-judgment garnishment of bank accounts); *Follette,* 658 F.Supp. at 511 (application of *Mathews* to New York post-judgment wage garnishment scheme); *Neeley v. Century Finance Co.,* 606 F.Supp. 1453, 1462 (D.Ariz.1985) (application of *Mathews* to Arizona statutory procedure for post-judgment garnishment of bank accounts). *But see Haines v. General Motors Corp.,* 603 F.Supp. 471, 476 n. 3 (S.D.Ohio 1983) ("Although other courts outside the Sixth Circuit have found the Supreme Court case of *Endicott* undermined by contemporary authority on procedural due process, the court is bound to follow such controlling case law when it has not been overruled") (Citations omitted).

A common rationale given by courts for not following *Endicott* is that *Endicott* did not consider the possibility that garnishment might deprive the judgment debtor of property exempt from attachment under State law if the debtor does not receive notice and an opportunity to be heard. *See, e.g., McCahey,* 774 F.2d 547–48; *Finberg v. Sullivan,* 634 F.2d at 56–57; *Follette v. Vitanza,* 658 F.Supp. at 511; *Deary,* 534 F.Supp. at 1185. The defendant, however, points out that the law in *Endicott* did involve exempt property: the first twelve dollars of the plaintiff's weekly wages were exempt from garnishment and deductions above that amount were restricted to ten percent of the debt. The plaintiff in *Endicott* thus faced the possibility that the employer could miscalculate and withhold a greater amount than that allowed by the statute. (Defendant's Response to Motion for Summary Judgment, Docket # 25 at 7.)

Although the defendant makes an arguable point about *Endicott,* I find that the Supreme Court's more recent due process pronouncement in *Mathews* has eroded the *Endicott* decision. Additionally, the Seventh Circuit, in a substantially similar context, indicated that it would follow the majority of courts that adopt the *Mathews* balancing approach. *Toney v. Burris,* 829 F.2d 622 (7th Cir.1987). *Toney* involved a challenge to regulations that allowed the state to offset wages of state employees to pay off the employees' past due loan obligations. The district court adopted the *Mathews* balancing test to determine what process the plaintiff was entitled to and held the statutory offset provision unconstitutional. The Seventh Circuit had no quarrel with the district court's application of *Mathews* to the statutory offset provision but remanded the case to the district court because it had failed to take into consideration amendments to the statutory provision. *Toney,* 829 F.2d at 627. On remand, the district court again applied the *Mathews* balancing test and ultimately held that the statutory procedure as amended comported with procedural due process. *Toney v. Burris,* 699 F.Supp. 687, 691 (N.D.Ill.1988).

I find, therefore, that the court must apply the *Mathews* balancing test to the Illinois wage garnishment procedure to determine whether that procedure comports with procedural due process. Applying *Mathews*, the court concludes that the Illinois post-judgment garnishment procedure offends due process.

## B. *Application of Mathews*

As stated above, the Supreme Court in *Mathews* set forth three factors for courts to consider in determining whether a procedure comports with due process. *See supra,* pp. 519–520.

### 1. *Private Interests Involved*

The primary relevant interests are those of the creditor and the debtor.[8] The judgment creditor has a substantial interest in the property that is the subject of a garnishment action. The creditor is owed a debt and has taken legal action to recover it to the point where a judgment has been entered. The creditor therefore has a substantial interest in having the debt satisfied in a swift and sure way. *See McCahey,* 774 F.2d at 549; *Dionne,* 757 F.2d at 1352; *Finberg,* 634 F.2d at 58; *Neeley,* 606 F.Supp. at 1462.

Although the judgment creditor's interest is significant, the interest of the judgment debtor also deserves serious consideration, where, as here, the statute contains exemptions. While the creditor's interest in satisfying the judgment clearly overrides the debtor's interest in keeping non-exempt property for herself, the debtor's interest in the exempt property far outweighs any possible interest of the creditor in that property. *See McCahey,* 774 F.2d at 549; *Dionne,* 757 F.2d at 1352; *Finberg,* 634 F.2d at 58; *Neeley,* 606 F.Supp. at 1462. Where a statute provides for an exemption, the debtor's interest in the exempt property is substantial. Statutory exemptions presumably are based on sound public poli-

cy. Since the debtor has a significant interest in protecting exempt property from seizure, clearly, the debtor is entitled to procedural safeguards that do not adversely affect the creditor's adjudicated rights.[9]

### 2. *Risk of Erroneous Deprivation and Value of Other Procedural Safeguards*

The Illinois wage garnishment procedure does not require that a judgment debtor be given notice of the fact of garnishment or of possible exemptions. *See supra* pp. 517–518. The statute fails to provide any opportunity for a hearing in which a judgment debtor can assert exemption rights. *A fortiori* it fails to provide any notice of procedures by which a hearing may be obtained. Edgar County does not require any procedural safeguards beyond those mandated by the statute itself.

Kirby's loss of property through an erroneous garnishment, *see supra* pp. 518–519, demonstrates that the current Illinois wage garnishment procedure may cause an erroneous deprivation of property. The court concludes that the adoption of additional procedural safeguards would reduce the possibilities of such errors and overcome the constitutional deficiencies inherent in the Illinois wage garnishment procedure.

#### a. Notice of the Garnishment Proceeding

Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). A judgment debtor must therefore receive notice that her wages are being garnished. *See McCahey,* 774 F.2d at 549 ("Providing post-seizure notice of the fact of seizure is an elemental requirement of due process . . ."). The debtor should receive this notice when the summons is served on the employer or at least shortly thereafter. It is, however, the legislature, and not the

---

8. For a discussion of the garnishee's interests *see Neeley,* 606 F.Supp. at 1462.

9. For a discussion of the debtors' property interest in exempt property, as well as different procedural safeguards before and after attachment, *see Dionne,* 757 F.2d at 1352.

court, who should determine whether the creditor or the garnishee should be responsible for giving notice to the debtor of the garnishment proceeding. *See Neeley*, 606 F.Supp. at 1464.

### b. Notice of Exemptions

The court holds that due process requires that the judgment debtor receive notice about possible exemptions. The court finds that in addition to the exemptions listed in Ill.Rev.Stat. ch. 110, § 12–804 (1987), dealing with pension and retirement funds, the debtor must be informed of the exemptions under the federal statutory exemption provision (15 U.S.C. § 1673), as well as the more favorable exemptions set forth in Ill.Rev.Stat. ch. 110, § 12–803 (1987). To reduce errors, the employer also receive this information. Because the § 12–803 provisions set forth a formula for alternative withholdings, the notice to the debtor must at least provide information regarding such alternative formulations. *See Neeley*, 606 F.Supp. at 1464. Again, the legislature, and not the court, should determine whether the notice should quote or paraphrase the statutes directly. The debtor must also receive documentation that shows which formulation has been used.[10]

The court agrees with the reasoning applied in those cases that have found notice of exemptions in similar contexts to be of great value. *See, e.g., Finberg*, 634 F.2d at 62 ("Notice of these matters can prevent serious, undue hardship for the judgment debtor whose lack of information otherwise would cause delay or neglect in filing a claim of exemption.") *Follette v. Vitanza*, 658 F.Supp. 492, 512 (N.D.N.Y.1987) ("[I]f judgment debtors were notified of the specific exemptions to garnishment ... the danger of an unlawful garnishment would in all probability be reduced."); *Deary*, 534 F.Supp. at 1187 ("The salutory value of notice in this context is self-evident—it would enable the judgment debtor to assert his or her exemptions and thus prevent or correct an erroneous restraint or execution which would otherwise have the effect of

depriving the debtor of property which may be necessary to meet the basic necessities of life."). The court concludes that although requiring notice of exemptions to judgment debtors may add to the cost of satisfying a judgment, such burden "pale[s] in comparison to the judgment debtor's property interest in his [exempt] wages and the danger under existing procedures of an erroneous deprivation of that [exempt] property interest." *Id.* at 513.

### c. Notice and Opportunity for Prompt Judicial Review

Due process requires the existence and notice of procedures by which a judgment debtor may assert exemptions to which he may be entitled. *See, e.g., Dionne*, 757 F.2d at 1352; *Finberg*, 634 F.2d at 59–62, *Deary*, 534 F.Supp. at 1186–88. The Illinois statute does not provide procedures for obtaining judicial review, let alone notice of such procedures.

The court concludes that additional procedural safeguards would overcome the shortcomings of the Illinois wage garnishment procedure. Notice and a prompt opportunity to assert exemptions would decrease the likelihood that a judgment debtor's wages will be garnished improperly. *See, e.g., Dionne*, 757 F.2d at 1352, *Finberg*, 634 F.2d at 59–62, *Follette*, 658 F.Supp. at 512; *Deary*, 534 F.Supp. at 1186–88. The specific type of notice and hearing that the judgment debtor must receive is a matter for the legislature, but the court offers the following suggestion.

Due process requires the opportunity to be heard "at a meaningful time." *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). Where exempt assets are seized in a garnishment proceeding, the judgment debtor must be given the opportunity for a prompt hearing, that is, an opportunity for a hearing shortly after the attachment occurs. *See, e.g., Dionne*, 757 F.2d at 1353; *Finberg*, 634 F.2d at 59. Moreover, because the opportunity for a hearing is of little value without adequate notice, *see Dionne*, 757 F.2d at 1353, the judgment debtor must

---

**10.** Logically, the employer should file that information with the clerk. *See Id.*

receive notice that she has the opportunity to be heard and of the procedures to obtain such a hearing.

### 3. Government's Interest

This third factor considers the burdens imposed on the government by the additional procedural requirements. As the Second Circuit observed in *McCahey*, the state has the following interests in its post-judgment garnishment scheme: "providing inexpensive and rapid methods of collecting judgments, as part of its more general interest in ensuring compliance with its laws ... in ... efficient[ly] us[ing] ... judicial resources, so they are not wasted in proceedings of little value ... [and] in seeing that laws exempting property from seizure are not evaded. *McCahey*, 774 F.2d at 549.

The court concludes that the additional procedural safeguards it suggests in this opinion do not undermine any of the state's interests. It seems clear that some notice of garnishment and some notice of possible exemptions under state and federal law would not place a great burden on the state. *See Finberg*, 634 F.2d at 62; *Dionne v. Bouley*, 583 F.Supp. 307, 318 (D.R.I.1984) *aff'd as modified*, 757 F.2d 1344. A burden, however, would be placed on the Illinois court system by requiring expedited exemption hearings. This court is, of course, well aware of the burdens faced by today's state and federal courts. Nevertheless, because legal issues involved are relatively simple, a prompt exemption hearing will impose only a slight additional burden on the court system. Although the requirements of notice and a prompt opportunity to be heard do add somewhat to the costs of collection, the requirements clearly advance the state's interest in "enhanc[ing] the likelihood that the exemptions provided under state law will be recognized." *Id. See also Follette*, 658 F.Supp. at 513.

## CONCLUSION

For the reasons advanced, the plaintiff's motion for summary judgment is granted. The procedures concerning garnishment in the Illinois statute governing wage deductions, Ill.Rev.Stat. ch. 110, §§ 12–801 to 12–819 (1987), are declared to violate the due process provisions of the Fourteenth Amendment of the United States Constitution on their face, and as applied by the defendant Circuit Clerk of Edgar County, insofar as they fail to provide judgment debtors whose wages are garnished: (1) notice of the garnishment proceeding; (2) notice of their exemption rights under Illinois and federal law; (3) notice of the means to exercise those rights; (4) a prompt hearing to assert those rights.[11]

The defendant, Clerk of the Circuit Court of Edgar County, Illinois, is enjoined from continuing to employ the procedures followed in the case of the plaintiff Kirby.

The Clerk shall enter judgment for the plaintiff in accordance with this order.

## APPENDIX A

### PART 8. WAGE DEDUCTIONS

**12–801. Definitions**

§ 12–801. Definitions. As used in Part 8 of Article XII of this Act:

"Deduction order" means an order entered pursuant to Section 12–811 of this Act.

"Judgment creditor" means the recipient of any judgment, except a judgment by confession which has not been confirmed as provided in Part 8 of Article XII of this Act.

Amended by P.A. 83–707, § 1, eff. Sept. 23, 1983.

**12–802. Force and effect of order**

§ 12–802. Force and effect of order. A deduction order entered under Part 8 of Article XII of this Act[1] shall have the force and effect and be enforceable as a judgment.

1 Paragraph 12–801 et seq. of this chapter.

**12–803. Maximum wages subject to collection**

§ 12–803. Maximum wages subject to collection. The maximum wages, salary, commissions and bonuses subject to collection under a deduction order, for any work week

---

11. *See, e.g.*, Ill.Rev.Stat. ch. 110, §§ 12–805—12–806 (1987) (no requirement that judgment debtor receive notice of summons, of exemption rights or of means to exercise those rights); Ill.Rev.Stat. ch. 110, § 12–808 (1987) (employer has no statutory duty to provide judgment debtors with notice of the garnishment proceeding, of their exemption rights, or of the means to exercise those rights). For a discussion of procedures under the statute which may meet due process requirements, see the discussion of the practice in Champaign County, Illinois, contained in Plaintiff's Brief in Support of Motion for Summary Judgment at pp. 22–23.

shall not exceed the lesser of (1) 15% of such gross amount paid for that week or (2) the amount by which disposable earnings for a week exceed 40 times the Federal Minimum Hourly Wage prescribed by Section 206(a)(1) of Title 29 of the United States Code, as amended, in effect at the time the amounts are payable. This provision (and no other) applies irrespective of the place where the compensation was earned or payable and the State where the employee resides. No amounts required by law to be withheld may be taken from the amount collected by the creditor. The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.

Amended by P.A. 85–187, § 1, eff. Aug. 21, 1987.

### 12–804. Exemptions from deduction orders

§ 12–804. Exemptions from deduction orders. Benefits and refunds payable by pension or retirement funds or systems and any assets of employees held by such funds or systems, and any monies an employee is required to contribute to such funds or systems are exempt and are not subject to a deduction order under Part 8 of Article XII of this Act.

### 12–805. Summons—Issuance

§ 12–805. Summons—Issuance. Upon the filing by a judgment creditor of (1) an affidavit that the affiant believes any person is indebted to the judgment debtor for wages due or to become due, as provided in Part 8 of Article XII of this Act, and includes the last address of the judgment debtor known to the affiant as well as the name of the judgment debtor, and (2) written interrogatories to be answered by that person with respect to the indebtedness, the clerk of the court in which the judgment was entered shall issue summons against the person named in the affidavit as employer commanding the employer to appear in the court and answer the interrogatories in writing under oath. Such summons shall be accompanied by a copy of the underlying judgment or a certification by the clerk of the court which entered the judgment, or by the attorney for the judgment creditor, setting forth the amount of the judgment, the name of the court and the number of the case and a copy of Title III of the Federal Consumer Credit Protection Act (15 U.S.C. 1671, et seq.).[1]

Amended by P.A. 83–707, § 1, eff. Sept. 23, 1983.

[1] 15 U.S.C.A. § 1671 et seq.

### 12–806. Service and return of summons

§ 12–806. Service and return of summons. Summons shall be returnable not less than 70 nor more than 84 days after the date of issuance. Summons with 3 copies of the interrogatories and one copy of the judgment or certification specified in Section 12–805 of this Act shall be served and returned as in other civil cases.

If the employer is served with summons less than 56 days prior to the return date, the court shall continue the case to a new return date not less than 56 days after the service of the summons.

### 12–807. Failure of employer to appear

§ 12–807. Failure of employer to appear. (a) If an employer fails to appear and answer as required by Part 8 of Article XII of this Act, the court may enter a conditional judgment against the employer for the amount due upon the judgment against the judgment debtor. A summons to confirm the conditional judgment may issue against the employer returnable not less than 10 nor more than 20 days after the date of issuance, commanding the employer to show cause why the judgment should not be made final. If the employer, after being served with summons to confirm the conditional judgment or after being notified as provided in subsection (b) hereof, fails to appear and answer, the court shall confirm such judgment to the amount of the judgment against the judgment debtor and award costs. If the employer appears and answers, the same proceedings may be had as in other cases.

(b) If an employer becomes a non-resident, goes out of this State, or is concealed within this State so that the summons to confirm the conditional judgment cannot be served upon him or her, upon the filing by the plaintiff or his or her agent of an affidavit as in cases of non-resident defendants in attachments, the employer may be notified in the same manner as a non-resident defendant in attachment; and upon notice being given to him or her as above stated, he or she may be proceeded against in the same manner as if he or she had been personally served with summons to confirm the conditional judgment.

Amended by P.A. 83–707, § 1, eff. Sept. 23, 1983.

### 12–808. Duty of employer

§ 12–808. Duty of employer. (a) An employer served as herein provided shall pay the employee the amount of his or her exempt wages.

(b) To the extent of the amount due upon the judgment and costs, the employer shall hold, subject to order of court, any non-exempt wages due or which subsequently come due. The judgment or balance due thereon is a lien on wages due at the time of the service of summons, and such lien shall continue as to subsequent earnings until the total amount due upon the judgment and costs is paid or until the expiration of the employer's payroll period ending immediately prior to 56 days after the service of summons, whichever first occurs, except that such lien on subsequent earnings shall terminate sooner if the employment relationship is terminated or if the underlying judgment is vacated or modified.

(c) The employer shall file, on or before the return date, but in no event sooner than 56 days after service of the summons, or within the further time that the court for cause may allow, a written answer under oath to the interrogatories, setting forth the amount due as wages to the judgment debtor for the payroll periods ending immediately prior to 56 days after the service of the summons.

A lien obtained hereunder shall have priority over any subsequent lien obtained hereunder, except that liens for the support of a spouse or dependent children shall have priority over all other liens obtained hereunder. Subsequent summonses shall be effective for successive 56 day periods in the order in which they are served.

### 12–809. Offsetting claims

§ 12–809. Offsetting claims. The employer is entitled to assert against indebtedness due to the judgment debtor offsetting claims against either or both the judgment creditor and the judgment debtor, whether (1) due at the time of service of the summons or thereafter to become due and (2) liquidated or unliquidated, except demands for unliquidated claims for actions sounding in tort. The employer is liable for the balance of indebtedness due the judgment creditor after the offsetting claims are adjusted. The verdict or finding and judgment shall show the amount of offsetting claims or deductions allowed against each party.

### 12–810. Adverse claims

§ 12–810. Adverse claims. (a) In the event any indebtedness or other property due from or in the possession of an employer is claimed by any other person, the court shall permit the claimant to appear and maintain his or her claim. A claimant not voluntarily appearing shall be served with notice in person or by certified or registered mail. If a claimant fails to appear after being served with notice in the manner directed, he or she shall be concluded by the judgment entered in the proceeding against any claim on the wages involved in that proceeding.

(b) If the adverse claimant appears and, within the time

the court allows, files his or her claim and serves a copy thereof upon the judgment creditor and the employer, he or she is then a party to the proceeding, and his or her claim shall be tried and determined with the other issues in the action. If the adverse claimant is entitled to all or part of the indebtedness or other property, the court shall enter judgment in accordance with the interest of the parties.

## 12-811. Trial and judgment

§ 12-811. Trial and judgment. (a) The judgment creditor may contest the truth or sufficiency of the employer's answer and the court shall immediately, unless for good cause the hearing is postponed, proceed to try the issues. The answer of the employer may be contested without further pleading.

(b) The trial shall be conducted as in other civil cases.

(c) If the finding is against an employer, a deduction order shall be entered against the employer and in favor of the judgment debtor to whom the employer is indebted, in the same manner as if the facts are admitted.

## 12-812. Effect of order

§ 12-812. Effect of order. A deduction order against an employer shall be enforceable as in other civil cases and shall discharge the employer of all claims by the judgment debtor for the indebtedness paid, delivered or accounted for by the employer by virtue of the order. The discharge of an employer is no bar to an action by the judgment debtor for the same claim.

## 12-813. Judgment by confession

§ 12-813. Judgment by confession. A judgment by confession without service of process on the defendant shall not be the basis for seeking a deduction order, unless such judgment is confirmed after service of process by a trial de novo, as if such confession of judgment had not been obtained, except that if it appears by the return of the officer on the first summons that the employee is not found, alias summonses subsequently issued may be served upon the employee by leaving a copy thereof with the employee's employer, or leaving a copy thereof at the usual place of business of the employer with his or her superintendent, manager, cashier, general agent or clerk, pursuant to an affidavit filed by the creditor with the clerk of the court stating the identity of the employee's employer, and that the employee is actively employed at the time such alias is sought, and except that if a notice of defense has been filed to a wage assignment as provided in Section 4.1 of "An Act to promote the welfare of wage earners by regulating the assignment of wages, and prescribing a penalty for the violation thereof", approved July 1, 1935, as amended,[1] the debtor may be served by registered or certified mail within 6 months after the filing of such defense on a wage assignment in the action to confirm the judgment by confession and such mailing by the creditor to the address shown on the notice of defense shall constitute service of the summons.

Amended by P.A. 83-707, § 1, eff. Sept. 23, 1983.

[1] Chapter 48, ¶ 39.4a.

## 12-814. Costs and fees

§ 12-814. Costs and fees. (a) The court shall order the costs of obtaining a deduction order paid by the judgment creditor or out of the wages due, or may apportion the same as shall be just.

(b) If the amount of indebtedness or other property subject to a deduction order is insufficient to pay the costs, the deficiency in costs shall not be chargeable against either the judgment debtor or the employer.

(c) No fee shall be paid by an employer for filing his or her appearance, answer or satisfaction of judgment against him or her.

(d) A fee consisting of the greater of $8 or 2% of the amount required to be deducted by any deduction order or series of deduction orders arising out of the same judgment debt shall be allowed and paid to the employer, and the amount so paid shall be credited against the amount of the judgment debt then outstanding.

(e) No other fee shall be paid to an employer at the time of service of the summons or at any other time thereafter unless he or she is subpoenaed to appear as a witness, in which case he or she is entitled to witness fees as in other civil cases.

## 12-815. Death of employer

§ 12-815. Death of employer. Upon the death of an employer the procedure shall be the same as in the case of the death of a defendant in other civil cases.

## 12-816. Assignment, transfer or other disposition

§ 12-816. Assignment, transfer or other disposition. No assignment, transfer or other disposition by an heir or distributee of his or her interest in the possession of an administrator or executor shall defeat the deduction order, unless (1) prior to the service of summons upon the administrator or executor, the transfer or other disposition is reduced to writing and (2) the writing is filed in the office of the clerk of the court appointing the executor or administrator.

## 12-817. Wrongful issuance of summons

§ 12-817. Wrongful issuance of summons. If any person wrongfully causes summons to issue for a deduction order, he or she shall be liable to the employee and the employer for all damages occasioned by such action including reasonable attorney's fees, which damages or attorney's fees may be proved in the same action in which the summons was wrongfully issued.

## 12-818. Discharge or suspension of employee prohibited

§ 12-818. Discharge or suspension of employee prohibited. No employer may discharge or suspend any employee by reason of the fact that his or her earnings have been subjected to a deduction order for any one indebtedness. Any person violating this Section shall be guilty of a Class A misdemeanor.

## 12-819. Limitations on part 8 of Article XII

§ 12-819. Limitations on part 8 of Article XII. The provisions of this Part 8 of Article XII of this Act do not apply to orders for withholding of income entered by the court under provisions of The Illinois Public Aid Code,[1] the Illinois Marriage and Dissolution of Marriage Act,[2] the Non-Support of Spouse and Children Act,[3] the Revised Uniform Reciprocal Enforcement of Support Act[4] and the Paternity Act[5] for support of a child or maintenance of a spouse.

Amended by P.A. 84-1043, § 1, eff. Nov. 26, 1985.

[1] Chapter 23, ¶ 1-1 et seq.
[2] Chapter 40, ¶ 101 et seq.
[3] Chapter 40, ¶ 1101 et seq.
[4] Chapter 40, ¶ 1201 et seq.
[5] Chapter 40, ¶ 1351 et seq.