**Bruce ROY, Plaintiff,**

v.

**Betty SMITH, as Circuit Clerk of Champaign County, Illinois, et al., Defendants.**

No. 89–2321.

United States District Court, C.D. Illinois.

May 3, 1990.

**314**

Robert Kirchner, Greaves Lerner & Kirchner, Champaign, Ill., for Bruce B. Roy.

Randy E. Blue, Asst. Atty. Gen., Springfield, Ill., for Betty C. Smith.

Arthur Mann, Dodson & Mann, Champaign, Ill., for Personal Finance Co., an Illinois Corporation.

## ORDER

BAKER, Chief Judge.

The plaintiff, Bruce Roy, has brought an action challenging the Illinois wage garnishment statutes and the Champaign County procedures for issuing wage garnishment summons. The plaintiff and the two defendants, Betty Smith in her official capacity as Circuit Clerk of Champaign County, Illinois, and Personal Finance Company, have each moved for summary judgment (docket ## 7, 8, and 10). For the

reasons discussed below, the court grants summary judgment to the defendants.

The facts in this case are not in dispute.[1] Personal Finance Company obtained a $1313.33 judgment against the plaintiff Bruce Roy in Champaign County Circuit Court on April 10, 1989. Personal Finance applied to the Clerk of the Circuit Court of Champaign County, defendant Betty Smith, for a wage deduction summons to be served upon Roy's employer, Carle Hospital. Carle received service of the garnishment summons, along with a set of interrogatories as required by Ill.Rev.Stat. ch. 110, ¶¶ 12–805 through 12–808, and withheld some of Roy's wages.

Illinois law does not require that judgment debtors be given: (1) notice of the garnishment proceeding; (2) notice of their exemption rights under Illinois and federal law; (3) notice of the means to exercise those rights; or (4) a prompt hearing to assert those rights. *Kirby v. Sprouls*, 722 F.Supp. 516, 523 (C.D.Ill.1989).

Champaign County, however, requires more notice than that mandated by the Illinois statute. A January 23, 1989, Champaign County administrative order sets forth various procedures the Circuit Clerk of Champaign County must follow when issuing wage deduction summonses and interrogatories.[2] The Clerk may not issue a wage deduction summons unless the summons properly advises the employer how to compute non-exempt wages subject to withholding. The Clerk must also mail a notice of exemption to the judgment debtor. The sample notice attached to the administrative order discusses exemption rights and also tells the debtor how to get a court hearing to protect exempt wages. The court may not enter a turnover order unless a proper summons has been served, and proof of mailing of the notice of exemption rights has been filed.

---

**1.** For example, see the plaintiff's memorandum of law in support of his motion for summary judgment (docket # 9) at 1.

**2.** The administrative order states that "recent federal court decisions ... suggest that current Champaign County Procedures relating to post

judgment proceedings may not afford judgment debtors adequate notice of their exemption rights and a meaningful opportunity to assert such rights". The County adopted the Order well before this court's decision in *Kirby*.

Roy does not contend that the Clerk failed to follow the procedures set forth in the administrative order, and he did not ask for a hearing to prevent exempt wages from being withheld. Instead, Roy filed the present complaint in the Circuit Court of Champaign County in September, 1989. The complaint alleges that the Illinois wage deduction statutes violate the United States Constitution. The complaint seeks declaratory relief, injunctive relief, the return of garnished wages, and attorney fees. The complaint also seeks damages, but only from Personal Finance.

At around the same time, Roy requested the Circuit Court of Champaign County to quash the wage deduction summons and interrogatories. That motion challenged the constitutionality and accuracy of the Champaign County administrative order. The defendants removed Roy's three count complaint from the Illinois court. While Roy's motion to quash the wage deduction summons is not before the court, some of the issues implicated in it are.

Count I of Roy's complaint requests declaratory and injunctive relief, while Count III is a § 1983 action.[3] Roy alleges that the Illinois Wage Deduction law is unconstitutional because it does not provide for:

    a) pre-seizure and post-seizure notice to the debtor of a judgment creditor's intent to institute garnishment proceedings against the judgment debtor's wages;

    b) pre-seizure and post-seizure notice of the judgment debtor's exemption rights;

    c) pre-seizure and post-seizure notice of a hearing to contest the seizure the creditor is about to institute and an opportunity to assert exemption rights.

See plaintiff's complaint, Count I, ¶ 12; Count III, ¶ 11. Roy claims that the defendants' acts directly caused him injury, such as loss of withheld wages and attorney fees.

**3.** Roy has dropped Count II, which alleged that the Illinois statute violated the Illinois Constitu-

## DECLARATORY RELIEF

In *Kirby*, the court considered whether the Illinois statutory procedures concerning garnishment are facially unconstitutional. For the reasons set forth in that decision, the court concluded that Ill.Rev.Stat. ch. 110, ¶¶ 12–801 through 12–819 (1987), violate the due process provision of the Fourteenth Amendment of the United States Constitution insofar as the statute fails to provide judgment debtors whose wages are garnished: (1) notice of the garnishment proceeding; (2) notice of their exemption rights under Illinois and federal law; (3) notice of the means to exercise those rights; or (4) a prompt hearing to assert those rights.

■ The *Kirby* case is now on appeal, and little purpose would be served by granting Roy declaratory relief identical to that granted in *Kirby*. A federal court is not required to issue a declaratory judgment. *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 279 (7th Cir.1988); see also 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2759 (1983). While the *Kirby* decision holds that the Illinois statute does not provide judgment creditors with the necessary *post-seizure* notice and hearing, simply repeating that portion of *Kirby* here will not help settle the controversy between the parties.

In *Kirby*, the Edgar County Clerk of Court provided judgment debtors with only those protections provided for in the statute and did not provide debtors with any additional procedural protections. The court had to determine the constitutionality of the statute in order to settle the controversy, because the statute was all the process that Ms. Kirby received in Edgar County.

In this case, however, Champaign County provides post-seizure protections not mandated by the statute. The process Roy received was determined by Champaign County procedures and not just by the Illinois statutory procedures. Thus, the real

tion.

issues in this case are: (1) whether the Constitution requires pre-seizure notice, as urged by the plaintiff; (2) whether Champaign County's procedures comport with due process; and (3) whether those procedures can cure defects in the Illinois statute. Simply repeating *Kirby* will not help settle this controversy. For the above reasons, the court will not declare that the Illinois statute fails to provide judgment creditors with the necessary *post-seizure* notice and hearing.[4]

■ As noted above, Roy asks this court to go significantly farther than it did in *Kirby*. Roy suggests that the Illinois statute be declared unconstitutional because it fails to provide judgment debtors with *pre-seizure* notice and hearing. As Roy acknowledged at oral argument, however, federal courts have uniformly held that a post-judgment debtor is not entitled to pre-seizure notice of the wage deduction. See *McCahey v. L.P. Investors*, 774 F.2d 543, 550 (2nd Cir.1985), and cases cited therein. The court finds the reasoning in those cases to be persuasive. Providing pre-seizure notice would not significantly decrease the possibility of an erroneous deprivation, but it certainly would make it more difficult for creditors to collect debts they have reduced to judgment. The creditor has a substantial interest in having the debt satisfied swiftly and surely. This interest would be compromised by providing pre-seizure notice, as recalcitrant debtors would have an opportunity to hide their assets or avoid wage garnishment. The court denies Roy's request for declaratory relief.

### INJUNCTIVE AND OTHER RELIEF

■ Roy asks the court to enjoin the Clerk of the Circuit Court of Champaign County from "issuing any wage-deduction summonses, for the purpose of allowing judgment creditors to garnish wages of judgment debtors, under the auspices of Chapter 110, Section 12–801 et seq". Roy is able to seek injunctive relief against Betty Smith in her official capacity as Clerk of Court. *Will v. Michigan Department of State Police*, —— U.S. ——, 109 S.Ct. 2304, 2311 n. 10, 105 L.Ed.2d 45 (1989).

Roy argues that Champaign County's administrative procedures cannot cure the unconstitutional state legislation. If Roy is arguing that Champaign County lacks the power to enact statewide legislation, he is certainly correct. Unlike the *Kirby* case, however, the propriety of the statute in itself is not the real issue here, see p. 315. Rather, the question is whether the procedures actually instituted in Roy's case violated his rights under the Fourteenth Amendment. If Roy received sufficient procedural protections under the Champaign County scheme, he is not entitled to relief.[5]

Roy argues that the Champaign County procedure is defective in two ways. First, he argues that the procedures do not provide debtors an ongoing opportunity to contest the garnishment of their wages. Second, Roy contends that the notice of exemption rights is inaccurate and incomplete.

Roy claims that the Champaign procedures "suggest that the judgment debtor must come in upon the initial service of interrogatories, and upon the initial withholding, and is not permitted to object to

---

4. Even if the court were to grant Roy's request for declaratory relief per *Kirby*, he would not be entitled to attorneys fees, as he breaks no new ground (except for his unsuccessful attempt regarding pre-seizure notice) and merely relies on this court's decision in *Kirby*.

5. Roy cites *Coe v. Armour Fertilizer Works*, 237 U.S. 413, 35 S.Ct. 625, 59 L.Ed. 1027 (1915), in support of his argument. That case, however, does not apply to his situation. Roy does not allege that the hearing and notice procedures in Champaign County are extra-official, haphazard, or undertaken as a matter of grace. The

Champaign County order has all the indicia of a properly promulgated administrative procedure. Compare to *Coe*, 237 U.S. at 424, 35 S.Ct. at 629 ("To one who protests against the taking of his property without due process of law, it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits.... Nor can extra-official or casual notice, or a hearing granted as a matter of favor or discretion, be deemed a substitute for the due process of law that the Constitution requires.").

any withholdings thereafter".[6] The court disagrees. The Champaign County document entitled "IMPORTANT NOTICE OF RIGHTS IN WAGE GARNISHMENTS" explains non-exempt income and provides a chart so that the debtor can "figure out whether or not [the] employer is withholding the correct amount". The chart provides spaces for weeks one through eight, *not just for the initial withholding,* and then explains how to protect the exempt wages as calculated with the chart:

> If your employer is withholding the wrong amount, you need to do something about it. Otherwise, the money will be turned over to the creditor. First, talk to your employer and show him or her where they have made a mistake. If that does not work, you need to go to Court to tell the Judge that exempt wages are being withheld from you.
>
> To get a Court hearing, you need to submit a written request with the Clerk of the Circuit Court. If you choose to request a hearing, a hearing will be held within seven (7) days of the request.

The notice encourages the debtor to calculate his or her exempt wages for all eight weeks. Nothing in the notice implies that a judgment creditor must come in upon the initial withholding and may not object to any subsequent withholdings.

Moreover, Roy does not even claim that he was ever denied an opportunity to object to any withholdings in the Circuit Court of Champaign County, or that he even tried. He does not claim that the notice (or any lack thereof) misled him or otherwise prevented him from asserting his exemption rights. Roy merely raises a hypothetical problem with the Champaign County procedures, a problem that is not demonstrated by the record.

■ Roy also objects to the Champaign County interrogatories. The interrogatories tell the employer that they:

> are required by law to withhold the lesser of (1) 15% per week of the gross amount paid by the employee named herein for any work week or (2) the amount by which disposable earnings of

said employee for a week exceed forty times the Federal Minimum Hourly Wage in effect at the time the amounts are payable.

The interrogatories do not track the statute perfectly. The interrogatories imply that the employer *must* withhold one of the two amounts, while the statute states that the employer may withhold *no more than* the maximum of one of the two amounts:

> Maximum wages subject to collection. The maximum wages, salary, commission and bonuses subject to collection under a deduction order, for any work week shall not exceed the lesser of (1) 15% of such gross amount paid for that week or (2) the amount by which disposable earnings for a week exceed 40 times the Federal Minimum Hourly Wage ... in effect at the time the amounts are payable.

Ill.Rev.Stat. ch. 110, ¶ 12–803 (1987).

Although the interrogatories do not perfectly track the statute, that in itself is not a constitutional violation. The purpose behind post-seizure notice and a hearing is to prevent an erroneous deprivation of the debtor's *exempt* wages. The language in the interrogatories does not frustrate that end. The interrogatories identify the maximum amount an employer may garnish. The statute also sets the maximum wages subject to collection, and while a creditor need not collect the maximum amount each week, he or she is entitled to do so. Put another way, both the interrogatories and the statute provide that a creditor may garnish all of the debtor's non-exempt wages.

Roy has not identified how the Champaign County interrogatories led to a loss of his exempt wages; absent such a showing, the interrogatories do not violate the constitution. The most that Roy could say is that the interrogatories caused his employers to withhold more of his non-exempt wages than they otherwise would have withheld.

Roy also notes that the judgment debtor *does not receive the interrogatories.* As a result, he argues, the judgment debtor is

---

6. Plaintiff's memorandum of law in support of his motion for summary judgment at 4–5.

not made aware of the amounts which are being withheld, the way the employer calculates the withholding, and the fact that the interrogatories do not comply with the Illinois statutory provisions.

The court does not understand how any of this establishes a violation of the debtor's rights to due process. Roy has not identified how any of this led to an erroneous withholding of his exempt wages. Although a debtor does not receive the interrogatories in Champaign County, the debtor receives materials designed to prevent a deprivation of exempt wages: notice his wages will be garnished, instructions on how to calculate exempt wages, and an explanation of the maximum amount that an employer may withhold each week. Moreover, the debtor will certainly know the amount withheld upon receiving his paycheck.

Champaign County provides debtors with materials that put them on notice about relevant facets of the wage deduction process. The Champaign County procedures provide for a prompt exemption hearing to cure any mistakes an employer might have made when calculating non-exempt wages. How much more is required? Roy has not alleged that he failed to get notice, that he was unable to recover exempt wages through a court hearing, or that the instructions and notice misled him about his rights. Based on the facts in this case, the court cannot conclude that the Champaign County procedures violate Roy's right to due process. The defendants are entitled to summary judgment.

## OTHER MATTERS

Roy has also filed a motion for default judgment (docket # 4), and a motion to strike Personal Finance's motion for summary judgment (docket # 12). Roy filed his motion for default on December 18, nearly two months after the case was removed to this court. Personal Finance filed an answer and a motion for leave to file its answer *instanter* on December 20. Although Personal Finance offers no excuse for its tardiness, it did eventually answer the complaint. The court denies the plaintiff's motion for default judgment and the plaintiff's motion to strike Personal Finance's motion for summary judgment.

Personal Finance has filed a motion for summary judgment (docket # 10). This simply adopts the motion filed by Betty Smith (docket # 7). The court grants Smith's motion and so grants Personal Finance's motion.

## CONCLUSION

IT IS THEREFORE ORDERED THAT the motion for summary judgment filed by the defendant Betty Smith, Circuit Clerk of Champaign County, Illinois, (docket # 7) is granted. The defendant Personal Finance's motion for summary judgment (docket # 10) is granted. The plaintiff's motion for summary judgment (docket # 8) is denied. The plaintiff's motion for default (docket # 4) and motion to strike (docket # 12) are denied. The Clerk is directed to enter judgment in favor of the defendants and against the plaintiff.