GUSTUS SANDBURG

*v.*

PETER PAPINEAU.

1. COURTS — *power of, over their own process.* Courts of record have power over their own process, which does not depend upon statutory enactments, but which is coeval with the common law courts, and they will

recall and quash their process, where it appears that it is illegal or inequitable to permit its further use and to allow it to be enforced.

2. SAME—*will recall execution and compel the allowance of proper credits.* Where an execution debtor, against whom a judgment has been rendered on a garnishee process, at the suit of a creditor of his execution debtor, and who has paid the same, tenders to the officer the amount due on the execution against him, less the amount paid on the garnishee judgment, the court out of which the execution issued will recall it and compel the plaintiff therein to credit the amount of such garnishee judgment thereon.

3. GARNISHMENT—*effect of payment by garnishee before judgment is made absolute.* Where, after a conditional judgment against a garnishee, and before it is made absolute, the garnishee, supposing he is bound to do so, pays the amount, and the judgment upon which the garnishee process issued is credited therewith, and the conditional judgment is, through misapprehension of the parties, satisfied, and afterwards it is made absolute, the garnishee will be entitled to a credit as against his creditor for the amount paid upon the conditional judgment.

APPEAL from the Circuit Court of Ford county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. POLLOCK & SAMPLE, for the appellant.

Mr. CALVIN H. FREW, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that appellant sued out and placed in the hands of the sheriff an execution, on a judgment he held against appellee, for $182.50 and costs. It also appears that Kelso & Wiley had recovered a judgment against appellant for $35, and garnisheed appellee, who failing to answer at the return term, a conditional judgment was rendered against him, on the 12th of April, 1875, and a *scire facias* was awarded against him, to show cause why the judgment should not be made absolute. At the following August term, the judgment was made absolute, on appellee's failing to answer interrogatories.

Appellee, having paid this garnishee judgment, tendered to the sheriff, and to the attorney of the plaintiff in execution, the balance of the sum named in the execution against him, after deducting the amount he had paid on the garnishee judgment, and demanded of the sheriff and attorney that they

receive the amount tendered, and return the execution satisfied, but this the sheriff and attorney declined to do. Appellee thereupon applied to the circuit judge to stay the execution, whereupon he ordered that it be stayed, to the amount only of the sum paid by defendant in execution on the garnishee judgment, until the next term of the court. At that term, on a hearing of the application, the court ordered the judgment and execution to be credited to that amount. From which order Sandburg appeals to this court.

It appears that on the 23d day of June, 1875, Kelso & Wiley and appellee made an arrangment, by which Kelso & Wiley credited their judgment against appellant, which was for $35, and appellee was to pay the clerk the costs of the garnishee proceeding, which he did, and Kelso & Wiley entered satisfaction on the record of the conditional judgment they had recovered against appellee. And this, appellant claims, rendered the action of the court erroneous.

The final judgment making the conditional judgment absolute stands unreversed, so far as this record discloses, and in full force. It was rendered, notwithstanding appellee had paid the conditional garnishee judgment, and it is obvious to all right thinking persons that the order of the court below, directing the clerk to credit appellant's judgment against appellee, for the amount the latter had paid on the conditional judgment, is strictly just. Appellant alleges nothing against the justice of the judgment Kelso & Wiley held against him, and he admits that appellee paid it to them for him; and it is not denied that appellee supposed he was legally bound to pay it when he did. But appellant seems to rely alone on this mistake to avoid the payment of a just debt, and to most iniquitously impose the burthen on appellee. His claim is devoid of all merit, and he should not be permitted to recover, unless the stern rules of law demand it.

There is no principle of law better recognized than that which gives to courts of record power over the process of their courts. It is essential to the administration of jus-

tice, and it by no means depends upon statutory enactment, but the power is coeval with the common law courts; and such courts will recall their process and quash the same, when it is shown that it would be illegal or inequitable to permit its further use, and to allow it to be enforced. If a judgment were satisfied, and, through mistake or by design, an execution were to issue upon it, does any one suppose the court from which it issued is powerless to recall and quash it? Or if it was only partially satisfied, and an execution were to issue for the full amount of the judgment, would any one have the hardihood to say that the court could not order the credit to be indorsed on the execution? So the court has power, in all cases, to compel credits on judgments or executions, where it would be illegal or inequitable to proceed to collect the amount claimed. A court of justice will never permit a plaintiff, simply because he has acquired an unjust advantage by obtaining an execution, to retain and enforce it.

In this case, the court had the right, in promotion of justice, to compel the amount of the absolute judgment rendered in the garnishee proceedings to be credited on appellant's judgment against appellee. That judgment stood in full force, and the court, until it was set aside or reversed, could not look back of it to see that appellee had paid the money to Kelso & Wiley. Nor are we prepared to hold that such payment should have prevented the court, even if it had been resisted, from making the conditional judgment absolute. Appellee paid the money to them at his peril. Had the conditional judgment not been made absolute, his payment to Kelso & Wiley would not have protected him against again paying it to appellant. If he had held property of appellant when he was garnisheed, and, after the rendition of the conditional judgment, he had delivered the property to them, would any one say that it would have prevented the rendition of an absolute judgment? We presume not. If there had never been an absolute judgment, he would, in such a case, have been required to account to the owner for the property.

The entry of satisfaction of the judgment is fully explained,

29—81ST ILL.

and shown to have been done under misapprehension, and, from the facts shown, it should not be held conclusive.

The court below did not err in ordering the credit, and the judgment must be affirmed.

*Judgment affirmed.*