People of the State of Illinois ex rel. John Jaros et al.,
Appellants, v. Edmund K. Jarecki et al., Appellees.

Gen. No. 40,242.

Opinion filed March 28, 1939.

WERNER W. SCHROEDER and THOMAS M. ZASADIL, both
of Chicago, for appellants.

THOMAS J. COURTNEY, State's Attorney, and MANUEL
E. COWEN, Assistant State's Attorney, for appellee
Edmund K. Jarecki.

ARTHUR A. SULLIVAN, of Chicago, for appellee Barnet
Hodes.

CASSIUS M. DOTY and JOHN F. CASHEN, JR., both of
Chicago, for other appellees.

MR. JUSTICE FRIEND delivered the opinion of the court.

April 21, 1937, the relators, John Jaros, Joseph S. Kral, John C. Stoffel, Frank A. Kveton and James Sorna, filed a petition for a writ of mandamus to direct respondents to declare each of the relators to have been elected to the office of trustee of the town of Cicero at the municipal election held April 6, 1937. Respondents filed a joint and several answer to the petition, and relators moved to strike the answer as insufficient in law. This motion was overruled by the court, and the relators having elected to stand upon their motion the court found that they were not entitled to the relief prayed for, and accordingly dismissed the petition and entered judgment for respondents, from which relators have prosecuted this appeal.

The respondents are the County Judge of Cook county, the Corporation Counsel of Chicago and the members of the Board of Election Commissioners, who together constituted, *ex officio,* the canvassing board authorized and required by law to canvass the election returns of the municipal election of April 6, 1937, for the town of Cicero and to determine the results thereof with respect to the office of trustee. Joseph Danek received the highest number of votes for this office, and the five relators received, respectively, the second, third, fourth, fifth and sixth highest number of votes. Respondents declared Danek elected, but declined to declare each of the relators to be also elected. The sole question thus presented is whether or not respondents acted properly in declaring Danek to be the only person elected to the office of trustee and in refusing to also declare the five relators elected to that office.

The facts admitted by the record disclose that prior to the election of April 6, 1937, Danek was nominated as democratic candidate for trustee of the town of Cicero, and John Jaros was nominated as republican

candidate for that office. Their names were certified by the Board of Election Commissioners and printed on the ballots prepared and furnished for use at that election as the candidates of their respective parties. Theirs were the only names printed on the ballot as prepared for use at that election. The other four relators, who received 5, 4, 3 and 2 votes, respectively, as against 14,403 votes for Danek and 7,390 votes for Jaros, were voted for by the method commonly known as "writing in" their names on the day of election on the ballots cast for them. The Board of Election Commissioners had caused due notice of the election to be published and posted, as required by law and in accordance with the usual practice theretofore employed for giving notice for elections of like character in the town of Cicero.

Cicero is an incorporated town, existing under and by virtue of a special act of the general assembly, approved February 28, 1867, as amended by special act approved March 25, 1869. The officers of the town, who exercise township functions, include among others a supervisor, assessor and collector. The legislative body, or town council of Cicero, from 1869 to the present time had been composed of seven persons. Three of the members of the council have always been the supervisor, assessor and collector. In addition to these three township officers, who serve as members of the town council, the council has included from 1869 to the present date four trustees whose membership is analogous to that of aldermen in cities, or trustees in other incorporated villages and towns. It is not urged that respondents failed or refused in any way to canvass the returns of the election, or properly to declare how many votes for the office of trustee were received by each candidate. The petition discloses that respondents canvassed the returns of the election from April 7 to April 12, 1937, and on the latter date signed, sealed

and certified an abstract of votes which showed specifically the number of votes for the office of trustee received by Danek and each of the five relators. It is not claimed that any candidate received either more or less votes than was certified by respondents in their abstract of votes. The principal issue underlying the controversy is whether the legal organization and composition of the town council of Cicero was changed, by an amendatory act of 1935, which amended an act of the general assembly passed in 1909. Consideration of this question requires an examination of the statutory provisions relating to the election and powers of trustees in villages and incorporated towns from 1867 to 1935, and particularly the act of 1909 and its 1935 and 1937 amendments.

As a municipal corporation the town of Cicero superseded the township of Cicero, which theretofore existed under the Township Organization Law, and exercised within the territory covered by the town all the powers and functions of a civil township, together with the municipal powers and functions usually belonging to incorporated cities and villages under the Cities and Villages Act of Illinois.

In 1909 the general assembly passed an act entitled "An Act concerning the election and powers of trustees in villages and incorporated towns organized and existing under special Acts," which read: (Laws of 1909, p. 144; Cahill Ill. St. 1933, ch. 24, par. 1198, sec. 1, p. 644):

"That at the regular annual election, to be held in the year A. D. 1910, in each and every village and incorporated town organized and existing under any special Act for the incorporation of such village or town wherein it is provided that the members of the legislative body of such village or town shall be elected annually, there shall be elected by the qualified electors therein, in lieu of the legislative body now provided

for by law, six trustees, who shall hold their office until their successors are elected and qualified. At the first meeting of the board of trustees held after said election, the trustees elected shall be divided by lot into two classes; those of the first class shall continue in office for one year, and those of the second class for two years, from the date of the annual election for that municipal year, and annually thereafter there shall be elected three trustees, who shall hold their office for the term of two years and until their successors are elected and qualified; and said trustees in each village or incorporated town shall have the same powers and perform the same duties as are or may be given by law to the members of the present legislative body of such village or incorporated town and that have heretofore been given or may hereafter be given to trustees in villages organized under the general law; *Provided, however,* that nothing herein contained shall be so construed as to authorize said trustees in any such village or incorporated town to perform any act which the legislative body thereof is specifically prohibited from performing under the terms of the Act creating such village or incorporated town.''

It is conceded that the Act of 1909, which was in force for a period of 26 years, did not apply to the town of Cicero, and that during that entire period the town council of Cicero was organized and composed as provided in the special charter act of 1869, and not in conformity with the provisions of the Act of 1909. By House Bill 240 in the 59th General Assembly, approved June 29, 1935, the Act of 1909 was amended to read: (Ill. State Bar Stats. 1935, ch. 24, sec. 1, par. 1198, p. 765 [Jones Ill. Stats. Ann. 21.1044]):

''In each and every village and incorporated town organized and existing under any special Act for the incorporation of such village or town there shall be elected by the qualified electors therein, in lieu of the

legislative body now provided for by law, six trustees, who shall hold their office until their successors are elected and qualified. At the first meeting of the board of trustees held after said election, the trustees elected shall be divided by lot into two classes and shall hold office for a term of the same length of time as is provided for the term of aldermen in cities, and said trustees in each village or incorporated town shall have the same powers and perform the same duties as are or may be given by law to the members of the present legislative body of such village or incorporated town and that have heretofore been given or may hereafter be given to trustees in villages organized under the general law; *Provided, however,* that nothing herein contained shall be so construed as to authorize said trustees in any such village or incorporated town to perform any act which the legislative body thereof is specifically prohibited from performing under the terms of the Act creating such village or incorporated town.''

Relators predicate their mandamus proceeding upon the claim that the 1935 amendment extended the Act of 1909 to include the town of Cicero, and, by implication, repealed the provisions of sec. 3 of the special Act of 1869, under which the town council of Cicero had been organized and composed, from 1869 to the date of this proceeding. The Act of 1909, as amended in 1935 was in force at the date of the election of April 6, 1937, and when this proceeding was instituted.

It further appears from the pleadings that the first regular election for the office of trustee after the date when the 1935 amendment became effective, was held April 7, 1936. At that election only one person, Felix A. Zdrojewski, was elected to the office of trustee. He thereafter qualified and accepted such office and entered upon the duties thereof, and at the time of the filing of the petition herein was one of the members of

the town council. No attempt was made in 1936 to apply to the town of Cicero the Act of 1909, as amended in 1935, and it is conceded that the election of 1936 was conducted, and the legislative powers of the town continued to be exercised after the election of April 7, 1936, in accordance with the original special charter as amended in 1869. The election of April 6, 1937, was the second regular election for the office of trustee held under the provisions of the special Act of 1869, after the effective date of the 1935 amendment to the Act of 1909.

Although respondents were evidently of the opinion that the Act of 1909, as amended in 1935, did not repeal the portion of sec. 3 of the special charter act of the town of Cicero, as contended by relators, and undoubtedly based their refusal to declare the five relators elected to the office of trustee, upon that ground, counsel for respondents call our attention to a subsequent amendment of the Act of 1909, some 16 days after this proceeding was instituted, and they argue that the provisions of the latest amendment specifically exclude any application of the Act of 1909 to the town of Cicero. The latest amendment was approved May 7, 1937, and reads: (Ill. Rev. Stat. 1937, ch. 24, par. 824, sec. 1, pp. 557, 558):

"In each and every village and incorporated town organized and existing under any special Act for the incorporation of such village or town *which, prior to June 4, 1909, pursuant to any such special Acts, elected annually members of the legislative body of such village or town,* there shall be elected by the qualified electors therein, in lieu of the legislative body now provided for by law, six trustees, who shall hold their office until their successors are elected and qualified. At the first meeting of the board of trustees held after said election, the trustees elected shall be divided by lot into two classes and shall hold office for a term of

the same length of time as is provided for the term of aldermen in cities: Provided, however, that if the electors of any such village or incorporated town by a referendum vote obtained prior to the effective date of this amendatory Act, and pursuant to the provisions of Article XI-A of 'An Act to provide for the incorporation of cities and villages,' approved April 10, 1872, as amended, shall have changed the terms of the elective officers of such village or incorporated town from four years to two years, the trustees elected in such village or incorporated town in the year 1936 shall hold their offices until the year 1938 and the year 1940, respectively, and there shall be elected in such village or incorporated town in the year 1938, three trustees who shall hold their offices for terms of one year each, and there shall be elected in such village or incorporated town in the year 1939, and in each year thereafter, three trustees who shall hold their offices for terms of two years each.

''Where a referendum vote has been obtained in any such village or incorporated town after the effective date of this amendatory Act, the electors of any such village or incorporated town may as the result of such referendum vote obtained pursuant to the provisions of said Article XI-A, change the terms of elective officers of such village or incorporated town from four years to two years; and at the next regular election for officers of such village or incorporated town, held after such referendum vote, there shall be elected three trustees who shall hold their offices for terms of one year each, and in the next succeeding year, and in each year thereafter, there shall be elected in such village or incorporated town, three trustees who shall hold their offices for terms of two years each. The trustees in each such village or incorporated town shall have the same powers and perform the same duties as are or may be given by law to the members of the present

legislative body of such village or incorporated town and that have heretofore been given or may hereafter be given to trustees in villages organized under the general law: Provided, however, that nothing herein contained shall be so construed as to authorize such trustees in any such village or incorporated town to perform any act which the legislative body thereof is specifically prohibited from performing under the terms of the Act creating such village or incorporated town. *And provided further, that nothing herein contained shall be so construed as to apply to or to change the election and powers of the members of the legislative body of any incorporated towns which have superseded civil townships.*" (Italics ours.)

It is urged by respondents that the italicized portions of the foregoing amendment would render the issuance of a writ of mandamus, as prayed by relators, futile and contrary to law, and that by virtue of the amendment this proceeding now becomes a moot case. It seems to us that Cicero, as an incorporated town which superseded a pre-existing civil township, is by virtue of the amendment expressly excluded from the operation of the Act of 1909 as amended in 1937. This conclusion is supported by several Supreme Court decisions defining the status of Cicero under the earlier acts. In *People ex rel. Deneen v. Martin,* 178 Ill. 611, the court reviewed a quo warranto proceeding questioning the office of town clerk of the town of Cicero. After reviewing the history of this corporate body, under the special Act of 1867, as amended in 1869, the court said that the effect of the legislation was to confer on the new corporation created by the legislature, the powers possessed by the town of Cicero as a town under the township organization laws as an agency of the general State and county government, and those possessed by incorporated cities and villages as municipal corporations proper for the promotion of the local

and private advantage and convenience of its inhabitants, and it was held that "the town of Cicero, as a town under township organization, was merged in the new corporation created by those enactments, and its existence as a corporate entity thereby terminated. The corporation thereafter existing, covering said territory, was the incorporated town of Cicero, chartered by said enactments."

Later in *Town of Cicero v. Chicago,* 182 Ill. 301, the Supreme Court again considered the status of the town of Cicero, and approved its conclusion in *People ex rel. Deneen v. Martin, supra,* in the following language:

"Our decision was, that these acts operated to terminate the legal existence of the town of Cicero under the Township Organization law, and that it ceased to exist as a corporate entity under that law. The corporation thereafter existing and exercising the local powers of government within the territory was the incorporated town of Cicero chartered by the said enactments."

Under the italicized portions of the amendment of 1937, the Act of 1909, as amended, specifically declares that nothing in that act shall apply to the election or powers of the members of the legislative body of any such incorporated town which has superseded a civil township, and thereby the amendment destroyed all apparent application to the town of Cicero and specifically withdrew the Act of 1909 from any possible application to that town. In other words, it seems to have been the clear intention of the legislature that the class of villages and incorporated towns affected in 1937 should be neither broader nor narrower than the class included in the operation of the Act of 1909 as it was originally passed. Whether, as relators argue, the Act of 1909 as amended in 1935 extended or broadened that act so as to include the town of Cicero, the subsequent amendment in 1937 made the legislative

intent clear and specific that the Act of 1909 should not apply to the town of Cicero. Under the well recognized rule of law the writ of mandamus will not be issued where by reason of changed circumstances such writ would be contrary to law and produce no beneficial result. (*Jones v. Clark*, 355 Ill. 527; *People ex rel. Lawrence v. Village of Oak Park*, 356 Ill. 154; *People ex rel. McGurn v. Green*, 356 Ill. 651.) And where by reason of changed circumstances an action has become moot since it was begun such action will be dismissed. (*People ex rel. Lawrence v. Village of Oak Park*, 356 Ill. 154; *Wick v. Chicago Telephone Co.*, 277 Ill. 338; *Jones v. Montague*, 194 U. S. 147, 48 L. Ed. 913, 24 Sup. Ct. 611.

In view of the conclusion reached, we see no purpose in discussing the principal contention made by relators that the Act of 1909 as amended in 1935 repealed that portion of the charter of the town of Cicero providing for a legislative body and creating a new one consisting of six trustees. Whatever may have been the status of the town prior to 1937, it was definitely clarified by the amendment enacted in that year, and a writ of mandamus under the present state of the law could not properly issue. Therefore, the judgment of the superior court in denying relators' motion to strike respondent's answer as insufficient in law should be affirmed. It is so ordered.

*Judgment affirmed.*

SCANLAN, P. J., and JOHN J. SULLIVAN, J., concur.