People of the State of Illinois ex rel. J. D. Mikel, Appellee, v. Illinois Racing Commission et al., Appellants.

Gen. No. 41,391.

BURKE, J., dissenting.

Opinion filed April 23, 1941.

JOHN E. CASSIDY, Attorney General, for appellants; LORING B. MOORE and WM. C. CLAUSEN, Assistant Attorneys General, of counsel.

CHARLES J. MICHAL, of Chicago, for appellee.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

This is an appeal from an order of the circuit court of Cook county, entered on the 28th day of May, A. D. 1940, denying the motion of the defendants (appellants) to quash a writ of mandamus issued under date of May 7, 1940, out of the office of the clerk of the circuit court of Cook county, pursuant to an order of the circuit court of Cook county, dated April 7, 1939, which order of April 7, 1939, directing the defendants to issue a license to J. D. Mikel, plaintiff (appellee), conformable to his application dated January 19, 1939, as a trainer for the period ending December 31, 1939, upon the payment or tender in cash by him, or his representative, of the requisite license fee in the office of the Illinois Racing Commission, as provided by an Act of the General Assembly of the State of Illinois known as the "Horse Racing Act," in force June 13, 1927, and all amendments thereto and amendatory thereof, was appealed from to this honorable court in Gen. No. 40,845, and in February, 1940, said Appellate Court of the First District of Illinois, rendered its opinion, and entered a judgment which, except for the title, is in words and figures as follows:

"On this day came again the said parties, and the Court having diligently examined and inspected, as well the record and proceedings aforesaid, as the matters and things therein assigned for error, and being now sufficiently advised of and concerning the premises, for what it appears to the Court now here that an adjudication by this Court of the matters and things herein assigned for error involves moot questions only; therefore, it is considered by the Court that said appeal be and the same is here dismissed out of this Court.

"And it is further considered by the Court that the said Appellee recover of and from the said Appellants his costs by him in this behalf expended to be taxed."

Notice of appeal from the motion of the defendants-appellants, appealing from order overruling and denying motion of defendants-appellants to quash writ of mandamus, was filed on or about June 6, 1940, and the praecipe for record was filed on June 18, 1940. The motion of the defendants-appellants to quash the writ of mandamus issued as hereinbefore set out, assigned as grounds and reasons for said motion:

"(1) That the duties of the defendants-appellants as members of the Illinois Racing Commission, as provided by Chapter 8, Section 37-a, of Illinois Revised Statutes (Illinois Bar Association Statutes 1939, Chapter 8, Section 37-a), and among the provisions it is provided as follows:

'The Commission shall have the right to grant, refuse, suspend or withdraw licenses to horse owners, trainers, jockeys, agents, apprentices, grooms, stable foremen, exercise boys, veterinarians, valets and platers to engage in their vocation within race-track enclosures of licensed racetrack associations. Such license, when issued, shall be for the period ending December 31st in each year for a nominal fee of not more than $5.00. . . . The Commission shall have the right to enact such rules, regulations and conditions necessary or proper for the enforcement and supervision of the duties and requirements in this paragraph contained.'

"Wherefore it appears that the right to grant said license expired on December 31, 1939, and these defendants are without authority of law to issue said license as of or after the date of the service upon them, and each of them, of the writ of mandamus herein referred to.

"(2) That said order, pursuant to which said writ of mandamus issued, was entered on April 7, 1939, and said order was appealed from by these defendants to the Appellate Court of the State of Illinois, First District, in case No. 40845, and thereafter said Ap-

pellate Court, in February, 1940, rendered a decision dismissing the appeal and delivered therewith the opinion of the court, in which said opinion the court, among other things, stated as follows:

' . . . so that no real benefit will accrue to the petitioner from the issuance of the writ, there is no reason for deciding the case on the merits, and the appeal will be dismissed even though the trial court awarded the writ. So we find that the period of time for this license had passed by the time the matter was presented to this court for a decision on appeal, and applying the rule of the Supreme Court that as no real benefit will accrue to the petitioner from the issuance of the writ, there would be no reason for passing upon the merits of controversy as presented here, the appeal will be dismissed even though the trial court awarded the writ. For the reasons stated the appeal is dismissed.'

''(3) That the effect of the appeal by these defendants from the final order of the trial court to the Appellate Court of Illinois, First District, was to render said order not final, and the issuance of the writ dependent upon the order of the Appellate Court; and that the decision of the Appellate Court did not provide for the issuance of said writ of mandamus.''

It is contended upon this appeal that courts of record have power in all cases over the process of their court (citing cases). It would appear from the briefs filed in the instant appeal that notwithstanding the fact that the order for the issuance of the writ, granted April 7, 1939, was appealed from and the decision of the Appellate Court was rendered in February, 1940, dismissing the appeal as a moot question, the relator procured the issuance of the writ on May 9, 1940, treating the dismissal as tantamount to an affirmance and without making any new application to the trial court. It was the duty of the clerk to have refused to issue the writ without further direction

from the court. In the case of *Sandburg v. Papineau,* 81 Ill. 446, the court held that, "There is no principle of law better recognized than that which gives to courts of record power over the process of their courts. It is essential to the administration of justice, and it by no means depends upon statutory enactment, but the power is coeval with the common law courts; and such courts will recall their process and quash the same, when it is shown that it would be illegal or inequitable to permit its further use, and to allow it to be enforced." The jurisdiction of the lower court to quash the writ of mandamus in this case is hardly questionable. (*Sandburg v. Papineau, supra; National Bank v. Stoddard,* 70 Ill. App. 79.)

There is no doubt that an appeal will lie on the denial of a motion to quash. In *Butterfield v. Dickman,* 200 Ill. App. 627, it was held that a judgment on a motion to quash an execution is a final judgment, and an appeal will lie therefrom, and is an authority that the denial by the lower court of the defendants' motion to quash the writ of mandamus issued in this case is an appealable order. In *People ex rel. Ratsky v. Haas,* 351 Ill. 68, the court sustains the contention of appellants that it was the duty of the court to quash the writ issued as it was after the decision of the Appellate Court dismissing the appeal on the ground that the question presented on the merits had become moot, and as expressly stated in the Appellate Court opinion. The Appellate Court had power to award the writ of mandamus in furtherance of its appellate jurisdiction, and it is well suggested that it would have affirmed the lower court's decision if it had intended the writ to issue. The lower court was under a duty to examine the mandate and opinion of the Appellate Court in order to determine its course after dismissal of the appeal.

It is the rule that a writ of mandamus will not issue where the circumstances have changed or where a

question involved has become moot, and the writ will not issue where by reason of changed circumstances such writ would be contrary to law and produce no beneficial result. (*People ex rel. Mulvey v. Chicago,* 292 Ill. App. 589; *People ex rel. Jaros v. Jarecki,* 299 Ill. App. 382.) See also *Gormley v. Day,* 114 Ill. 185, and *Minwegen v. Coughlin,* 181 Ill. App. 354. In the last mentioned case it appears that there as here lapse of time had rendered the issuance of a writ inefficient as to the remedy sought. The Supreme Court in the case of *National Jockey Club v. Illinois Racing Commission,* 364 Ill. 630, passed upon a like question as involved in the instant case. In that case the purpose of appellant was to compel a re-allotment of dates for the racing season of 1936, and the suggestion was made that the commission exceeded its statutory jurisdiction, proceeded illegally, arbitrarily refused to allot to appellant the dates requested, in violation of the statute and appellant's constitutional rights, and that section 4 of the Racing Act, fixing license fees on the basis of population, is an arbitrary and discriminatory classification, in violation of the State and Federal constitutions. The court upon the question said:

"It is obvious that the time for racing dates allotted by the commission and the additional dates requested by appellant has expired. Relief respecting any of those dates is not now possible. As to that issue the question has become moot. The rule is, that when a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved it will dismiss the appeal or writ of error and will not review the cause merely to decide moot questions. The duty of judicial tribunals is limited to determining rights of persons or of property actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to render an opinion on a question of law that opinion may have weight as a precedent for future decisions,

but the court has no power to decide moot questions, or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. *People v. Village of Oak Park,* 356 Ill. 154; *Tuttle v. Gunderson,* 341 id. 36; *People v. Sweitzer,* 329 id. 380.'' In the instant case, the commission cannot call back the year 1939 and enable the relator to train horses in 1939. Moreover, its legal right to license to train horses in 1939 has passed, as it was shown in the motion to quash. , The issuance of the paper purporting to license for 1939 cannot lawfully be done by the commission, and the court also is without power to enforce its judgment.

A motion was made by appellee to dismiss this appeal, which motion was reserved to a hearing. In view of what we have said in this opinion, this motion will be denied.

Having considered the questions as they are called to our attention and presented by the briefs, we are of the opinion that the trial court erroneously denied the motion of the defendants to quash the writ of mandamus improvidently issued on May 7, 1940, and the cause is reversed and remanded to the trial court with direction that the said writ of mandamus be quashed.

*Reversed and remanded with directions.*

Denis E. Sullivan, J., concurs.

Mr. Justice Burke dissenting: Relator filed his amended and supplemental petition for mandamus in the circuit court of Cook county to compel defendants to issue to him a race horse trainer's license for the year 1939. Defendant answered, to which relator replied. The case was tried before the court without a jury. It is conceded that relator filed application in due form and tendered the statutory fee. The reason why the issuance of the license had been refused by defendants was because of a finding that he obtained

a registered certificate of a jockey club for a horse named "My Bane" upon false representation of the date of the birth of the horse. After the introduction of testimony and a full hearing the court found the issues for the relator, entered judgment against the defendants, and directed that a writ of mandamus issue commanding them to issue a race horse trainer's license for the year 1939. Defendants appealed. A supersedeas was granted, which stayed the issuance of the writ of mandamus. This court, in an opinion filed February 14, 1940, 303 Ill. App. 654 (Abst.), (BURKE, J., dissenting) dismissed the appeal, holding that since at the time the opinion was handed down the year 1939 had passed, only a moot question was involved. On March 8, 1940, the mandate was filed in the trial court and pursuant thereto the writ of mandamus issued. Defendants filed their motion to quash the writ of mandamus. This motion was based on the ground that the license directed to be issued would expire on December 31, 1939, and that, therefore, the writ of mandamus would be ineffective. The circuit court denied defendant's motion to quash the writ of mandamus. The instant appeal is from the order overruling and denying defendant's motion to quash the writ of mandamus.

It will be observed that the trial court was not asked to vacate the judgment on which the writ of mandamus is based. It was only asked to quash the writ of mandamus. The judgment order of April 7, 1939, commanding the issuance of the writ stands in full force. In view of the fact that the previous appeal was dismissed, that judgment order is now *res judicata* on the question of the right of J. D. Mikel to a race horse trainer's license for the year 1939. The matters that were then in issue cannot be relitigated. I am of the opinion that this court should have considered all of the points raised by the parties in the previous appeal. I do not agree that the question presented has become

moot. Relator should be permitted to file a supplemental petition setting up the proceedings since the filing of his previous petition, and praying for the issuance of a license for the year 1941. Defendant, on a hearing on such supplemental petition and the answer thereto, would have the right to be heard and to present evidence as to any matters affecting the issues arising subsequent to the *judgment order of April 7, 1939.* The judgment order of April 7, 1939, is *res judicata* as to all matters presented by the pleadings on which such order was entered and should not be relitigated. A moot question is not involved because at the time the judgment order of April 7, 1939 was entered the question as to relator's right to a license was in issue. The actions of the defendants indicate that they are determined not to comply with the judgment order of April 7, 1939, which stands in full force. Under the procedure defendants are attempting to follow, each year when Mikel applies for a license and it is denied, the court will be asked to enter a judgment that a writ of mandamus issue, and if the court grants such prayer defendants will appeal and by the time the case comes to this court the year will have passed. Thus, defendants, if successful, will be able to evade the order of the court. As the judgment order of April 7, 1939, stands in full force, we should not do anything that will in any way interfere with the jurisdiction of the circuit court to carry out its order. I am of the opinion that the motion of relator (appellee) to dismiss the appeal which was reserved to hearing, should be allowed.