**Wayne E. JACOBSON, not individually but as Clerk of the Circuit Court of the Thirteenth Judicial Circuit, Bureau County, Illinois, Plaintiff/Counterdefendant,**

v.

**Raymond D. JOHNSON, individually and on Behalf of a class, Defendant/Counterplaintiff.**

No. 90–1093.

United States District Court,
C.D. Illinois.

July 31, 1991.

Marc Bernabei and Scott Madson, Bureau County State's Atty.'s Office, Bureau County Courthouse, Princeton, Ill., for plaintiff.

Susan Bursztynsky and David Wolowitz, Prairie State Legal Services, Ottawa, Ill., for defendant.

## ORDER

MIHM, Chief Judge.

Before the Court are cross-motions for summary judgment. For the reasons set forth below, the Court grants Counterplaintiff's Motion for Summary Judgment (# 22) and denies the Counterdefendant's Motion for Summary Judgment (# 24).

## BACKGROUND

Counterplaintiff Raymond D. Johnson ("Johnson") was the defendant in a small claims action in the Thirteenth Judicial Circuit in Bureau County, Illinois. In that action, a default judgment was entered against Johnson and in favor of the plaintiff, 10/33 Volunteer Ambulance Service. 10/33 Volunteer Ambulance Service proceeded to enforce its judgment by using the Illinois Non–Wage Garnishment Statute, Ill.Rev.Stat. ch. 110, ¶ 12–701 *et seq.*, in post-judgment proceedings. On December 14, 1989, 10/33 Volunteer Ambulance Service filed an affidavit and interrogatories as required by that statute. The Clerk of the Circuit Court of Bureau County and the Plaintiff/Counterdefendant in this action, Wayne E. Jacobson ("the Clerk"), then issued a garnishment summons upon Spring Valley City Bank (garnishee) where Johnson had a bank account. On January 10, 1990, the Bank was served with the garnishment summons, and it then froze Johnson's accounts totaling $110.14. It is undisputed that the garnished bank account consisted of money derived from Johnson's Social Security disability benefits, which are exempt from garnishment under state and federal law. Ill.Rev.Stat. ch. 110, ¶ 12–704; 15 U.S.C. § 1673 (1991).

Pursuant to the state court order, these funds were turned over to 10/33 Volunteer Ambulance Service as partial satisfaction of the underlying judgment. Johnson was not notified of the pending garnishment proceedings, of his exemption rights, or of the means by which to assert his exemption rights. As a matter of practice or policy, the Clerk does not require notice to the judgment debtor in conjunction with the issuance of a non-wage garnishment summons.

Johnson's attorney then contacted the Clerk and expressed his opinion that the garnishment procedure being used in Bureau County was unconstitutional for failure to provide the judgment debtor with notice of the garnishment and of his exemption rights. Johnson's counsel advised the Clerk that, unless the due process deficiencies were corrected, Johnson would be filing a class action lawsuit for redress.

The Clerk responded by filing a complaint in the Circuit Court of Bureau County, seeking a declaration that the Illinois garnishment statute was constitutional. Johnson removed the action to this Court, and filed a counterclaim. Johnson sought a declaration that the statute is unconstitutional, both on its face and as applied, and further requested an order enjoining the Clerk from issuing garnishment summonses without providing the judgment debtor with notice of the garnishment and exemption rights. This Court certified a counterplaintiff class of all judgment debtors subject to garnishment following the issuance of a summons by the Clerk. The pending cross-motions for summary judgment followed.

## DISCUSSION

■ The issue before this Court is whether the Illinois non-wage garnishment statute is unconstitutional, both on its face and as applied by the Clerk. Johnson asserts that the statute deprives him of his Fourteenth Amendment right to procedural due process. The Clerk asserts that the garnishment statute, and Bureau County's implementation of that statute, adequately safeguards Johnson's due process rights. A due process violation exists when there is a property interest and a deprivation of

that property interest without the procedural protections mandated by the Fourteenth Amendment. Thus, the initial question is whether the Illinois non-wage garnishment process deprives Johnson of a property interest?

### A. *Is this Non–Wage Garnishment a Taking of Property?*

■ Johnson argues that when a non-wage garnishment summons is served the judgment debtor is deprived of his property interest. Johnson states that the garnishee deprived him of access to his bank account when the Bank held his property while the court decided if the judgment creditor is entitled to this property. Johnson argues that when the garnishment summons was issued by the Clerk, the funds in his bank account were frozen, and he had no access to his personal funds, even to purchase the basic necessities of life.

The Clerk contends that there has been no taking of property from Johnson, but merely a non-possessory lien in favor of the Clerk that only extends to non-exempt property. The Clerk notes that the summons issued requests only that a representative of the garnishee appear before the Court and answer the interrogatories concerning the property interest of the judgment debtor. Ill.Rev.Stat. ch. 110, ¶ 12–701. The Clerk argues that the summons does not seize property, but merely requires the garnishee to appear before the court.

The Illinois garnishment procedures required the garnishee to hold the property of the judgment debtor, outside of his reach, until there is a determination by the court on whether the judgment creditor is entitled to the property. Ill.Rev.Stat. ch. 110, ¶ 12–707. During this period, the Court finds the judgment debtor does not have access to the property in question. Even if the Clerk is not in actual possession of the judgment debtor's property, the mechanism employed by the Clerk effectively deprives Johnson of the use of his property and is therefore a taking. Accordingly, this Court finds that Johnson has a property interest in his bank account

that is entitled to some degree of protection under the due process clause.

### B. *State Action*

■ Johnson argues that this situation most definitely involves state action, noting that the Clerk of the Court holds a public office as defined by Ill.Rev.Stat. ch. 25, ¶ 1. Johnson cites *Kirby v. Sprouls*, 722 F.Supp. 516 (C.D.Ill.1989), for the proposition that the Clerk's role in the Illinois Garnishment Act is a form of state action.

The Clerk argues that the Clerk's role in the Garnishment Act is limited and ministerial. According to the Clerk, the state's role in garnishment proceedings is merely to provide private parties with a litigation procedure, and should not be considered a significant state action. In support of this argument, the Clerk cites *U.S.A. Lehndorff v. Cousins Club*, 64 Ill.2d 11, 15–18, 348 N.E.2d 831 (1976), which held that the issuance of a summons by a clerk is not significant state action.

Johnson responds this is state action despite the Clerk's limited ministerial duties. Johnson argues that the federal courts have recognized the importance of naming the court clerk as a party in garnishment actions, and have recognized the involvement of state action. *See Finberg v. Sullivan*, 634 F.2d 50, 54–55 (3rd Cir.1980), *quoting Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). In *Finberg* and this case, the clerk's issuance of the garnishment summons was the basis for the attachment and freezing of the debtor's bank account. Johnson also distinguishes the *Lehndorff* case from this action, noting that in *Lehndorff* the seizure of property in distress for rent past due occurred before the issuance of the summons.

In this Court's view, the conduct of the Clerk here involves state action. The judgment debtor's property is seized as a result of the state's issuance by the clerk of the court from a garnishment summons. The Clerk performs this function as a part of his official duties as Clerk of the Court. Since the Clerk of the Court issued service of process in this garnishment action, state action is involved.

Given that the garnishment here involved a taking of property by state action, the question becomes what due process requirements apply to this case?

## C. *What Process is Due?*

■ In *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976), the Supreme Court held that there are three factors to consider in deciding if the garnishment action complies with due process. These factors are: the private interests of parties, the risk of erroneous deprivation of a property interest, and the government's interests. The Seventh Circuit has indicated that the *Mathews* balancing test should be used in assessing a due process violation. *Toney v. Burris,* 829 F.2d 622, 625 (7th Cir.1987).

Johnson argues that an application of *Mathews* to this case demonstrates a clear due process violation. Johnson contends that he meets the first factor of the *Mathews* test, because the judgment debtor's interest in his exempt property outweighs the Clerk's interest in debt satisfaction. Johnson argues that he has a substantial interest in the continued use of his exempt property since it provides him with the necessities of life. Johnson also contends that he satisfies the second factor of the *Mathews* test involving the risk of erroneous deprivation of a property interest. Johnson states that since he did not have notice of the garnishment, he was incapable of alerting the garnishee and the court that the seized property in his bank account (Social Security benefits) was exempt from garnishment. Johnson argues that this creates a substantial risk of erroneous deprivation. *See Kirby v. Sprouls,* 722 F.Supp. 516, 521 (C.D.Ill.1989). Finally, Johnson contends that he meets the third factor of the test because the government interest (in having an effective and efficient garnishment procedure) would not be disrupted by minor changes which give additional protections to judgment debtors.

Johnson suggests that the judgment debtors should have the opportunity, through notice of the garnishment and notice of exemption rights, to claim those exemption rights at a hearing before the court processing the garnishment. Johnson contends that these hearings are not likely to be long or complex, and not every judgment debtor will request such a hearing. He states that any small administrative and monetary burdens generated by such a procedure would be greatly outweighed by the legitimate and necessary protection that these benefits would provide to the judgment debtor. *See id.* at 523. Johnson argues that an application of this *Mathews* factor clearly demonstrates that his due process rights have been violated by the Illinois garnishment procedure and that changes must be effected.

The Clerk does not discuss the *Mathews* due process analysis, but he does argue that Johnson has not suffered a violation of his constitutional rights. The Clerk states that according to the Illinois Banking Act, Ill.Rev.Stat. ch. 17, ¶ 360(d), the garnishee bank should have sent Johnson a copy of the summons it received from the Clerk. The pertinent language of the Illinois Banking Act includes:

(d) A bank shall disclose financial records under subparagraph (c)(2) of this section pursuant to a lawful subpoena, summons, warrant or court order only after the bank mails a copy of the subpoena, summons, warrant or court order to the person establishing the relationship with the bank, if living, and, otherwise his personal representative, if known, at his last known address by first class mail, postage prepaid, unless the bank is specifically prohibiting from notifying such person by court order.

Ill.Rev.Stat. ch. 17, ¶ 360(d). The Clerk argues that since the banking act requires the bank to send a summons to the judgment debtor, the judgment debtor has received adequate notice of the garnishment, and therefore due process has therefore been satisfied.

The Clerk also disputes Johnson's argument that additional safeguards would not burden the government's interest. The Clerk argues that these additional safeguards would undermine the purpose of garnishment. The Clerk states that notice

to judgment debtors before the garnishment will allow judgment debtors to remove funds from bank accounts prior to garnishment and thereby frustrate the garnishment procedure. According to the Clerk, if it is required to give contemporaneous notice to the garnishee and the judgment debtor, this would create a "race to the bank."

Johnson responds to the Clerk's argument by stating that the Illinois Banking Act does not cure the due process deficiencies in the garnishment procedure. First, Johnson notes that the notice provided by a bank is simply a copy of the garnishment summons, and does not include notice of the judgment debtor's exemption rights. Second, Johnson argues, the judgment debtor has no specific civil remedy against a bank if the bank failed to provide the notice required under that provision. Although the bank is subject to criminal penalty for failure to send a copy of the summons to the judgment debtor, the debtor himself has no civil remedy. Third, Johnson argues that the banking act does not cover garnishees who are not banks and therefore affords no due process to class members subject to garnishment through such institutions. The certified class in this case is defined as follows:

> All judgment debtors who are now, have been or will be subject to garnishment of property or indebtedness other than wages following issuance of a garnishment summons by the Bureau County Circuit Clerk.

Johnson contends that this class action contains individuals subject to non-wage garnishment, not merely garnished bank accounts. Some judgment debtors may be subject to garnishment involving institutions other than banks controlled by the Illinois Banking Act. Johnson concludes that since the Illinois Banking Act does not apply to all of the non-wage garnishment actions, it is an inadequate means of providing notice to the judgment debtor.

Johnson also responds to the Clerk's criticism that the additional safeguards would undermine the purpose of garnishment. Johnson argues that any such problems can be avoided if this Court provides the judgment debtor with notice of the garnishment contemporaneously with or shortly after the issuance of the summons. According to Johnson, this would enable the judgment debtor to assert his exemption rights and thereby protect his property interest without permitting him to remove the funds prior to their being frozen by the garnishment procedure.

In this Court's view, the present Illinois post-judgment garnishment procedure offends due process under the *Mathews* analysis. Applying the first factor of the test, the Court finds that both parties have significant interests in the garnished property. Johnson has a clear property interest in the funds exempt from garnishment. When a statute provides for an exemption, the judgment debtor's interest in that exempt property is substantial. *See McCahey v. L.P. Investors*, 774 F.2d 543, 549 (2nd Cir. 1985). Furthermore, statutory exemptions are presumed to be based on sound public policy. *Kirby v. Sprouls*, 722 F.Supp. 516, 521 (C.D.Ill.1989). At the same time, the Court finds that the Clerk, representing the judgment creditor, has a legitimate interest in the effective operation of the garnishment procedure. Accordingly, the first factor of *Mathews* favors neither party over the other.

■ Applying the second factor of the *Mathews* test, this Court holds that the current Illinois non-wage garnishment procedure is likely to cause erroneous deprivation of judgment debtor's property interest. The Clerk argued that there has been no deprivation of Johnson's due process rights because the Illinois Banking Act satisfies the due process requirements. However, this Court holds that the Illinois Banking Act does not satisfy the due process rights of the judgment debtor. This statute does not provide notice to the judgment debtor of his exemption rights, does not provide a civil remedy, and does not apply to all members of the certified class. Based on these factors, the Illinois Banking Act does not meet the notice requirements of due process.

Finally, the Court looks at the last factor of the *Mathews* test, the government's interest. This Court finds that the government's interest in having its judgments upheld are not disrupted by certain additional safeguards. If Johnson had been notified of the garnishment proceedings in this case, then he could have sought a hearing to explain that the funds in his bank account were exempt as Social Security benefits, and the danger of erroneous deprivation would have been diminished. The Court recognizes the Clerk's concern that contemporaneous notice to the garnishee and judgment debtor could create a "race to the bank." However, as Johnson argues, notice of the non-wage garnishment to the judgment debtor shortly after notice has been provided to the garnishee would obviate this problem and still comport with due process. Under such a scenario, the judgment debtor would receive notice of the garnishment after the funds were frozen, but before the funds were disbursed. Such a procedure would properly place in balance the competing interests of the creditors and the judgment debtor.

## CONCLUSION

Based on the foregoing, this Court declares that the Illinois non-wage garnishment statute, both on its face and as applied by the Clerk, violates the Fourteenth Amendment of the United States Constitution. This Court therefore GRANTS the Counterplaintiff's Motion for Summary Judgment and DENIES Counterdefendant's Motion for Summary Judgment. This Court will contact the parties for a status conference regarding the appropriate relief to be given to the Counterplaintiff and the class he represents.