In re Carol K. HURLEY, f/k/a Carol McClelland, d/b/a Carol K. Hurley, M.D. Whitehorse Gallery, 1932 Halsted Building, GMC Construction, Debtor.

Carol K. HURLEY, M.D., Plaintiff,

v.

Gene GAERTNER, M.D., Defendant.

Bankruptcy No. 88 B 01939.
Adv. No. 91 A 00559.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Nov. 13, 1992.

Deborah L. Thorne, Much, Shelist, Freed, Denenberg & Ament, P.C., Chicago, IL, for debtor/plaintiff.

Edward T. Graham, Wheaton, IL, for defendant.

James H. Longstreet, DeHaan & Richter, P.C., Chicago, IL, for Affiliated Bank.

Richard Friedman, U.S. Trustee, Dept. of Justice, Chicago, IL.

## MEMORANDUM OPINION

Hon. RONALD S. BARLIANT, Bankruptcy Judge.

Two motions before this Court arise out of the premature payment of funds by a garnishee-bank to a judgment creditor-garnishor before a judgment had been entered in the garnishment proceeding. The garnishee-bank filed a motion requesting that this Court either approve the payment *nunc pro tunc* or require the judgment creditor-garnishor to return the funds. The judgment debtor has moved to quash the garnishment summons and declare the garnishment proceedings void *ab initio*. At issue are whether the judgment creditor properly initiated the garnishment proceeding and, if so, what effect the premature payment by the garnishee has in the proceeding. For the reasons stated below, both parties' motions are denied. However, because there is no reason to withhold judgment in garnishment at this time, this Court will enter such judgment and credit the payments previously made by the garnishee.

## I. FACTUAL BACKGROUND

Carol Hurley ("Hurley"), a chapter 11 debtor, brought an adversary proceeding in this Court and obtained a $25,000 judgment against Dr. Gene Gaertner ("Gaertner"), on April 28, 1992. Gaertner filed a notice of appeal within ten days of this judgment; but, Gaertner failed to obtain a stay of proceedings to enforce the judgment. Hurley filed with the clerk of this Court an affidavit stating Hurley's belief that Affiliated Bank ("Affiliated") was indebted to Gaertner or had in its possession property belonging to Gaertner. Together with the affidavit, Hurley filed written interrogatories directed at Affiliated regarding Affiliated's indebtedness to Gaertner. Upon receipt of the affidavit and interrogatories, the clerk of this Court issued and served a non-wage garnishment summons on Affiliated. Thus, Gaertner is the judgment debtor, Hurley is the judgment creditor-garnishor and Affiliated is the garnishee.

Affiliated answered the interrogatories that it was indebted to Gaertner in the amount of $25,000 by reason of a checking account. By letter that same day, May 29, 1992, Affiliated notified Gaertner of the garnishment and informed Gaertner that Affiliated was obligated to debit Gaertner's account $25,000. By this letter, Affiliated also informed Gaertner that it would hold the funds until judgment was entered or until further hearing. Gaertner did not seek a stay pending appeal, even after learning of the garnishment of his account. Also on this day, Affiliated wrote to counsel for Hurley, acknowledging receipt of the garnishment summons and stating that Affiliated would remit the withheld funds upon receipt of a "Satisfaction of Judgment filed with the court, after the court date". The author of the letter undoubtedly had in mind a satisfaction of the judgment in the garnishment proceeding that might have been entered after the "court date" in accordance with the garnishment summons.

Although this Court yet had not entered a judgment in garnishment, Hurley, through counsel, delivered to Affiliated a release of judgment dated June 3, 1992.

This document on its face purported to release the underlying April 28th judgment against Gaertner, not any garnishment judgment against Affiliated. Upon receipt of the release, Affiliated issued a cashier's check in the amount of the judgment plus interest set forth in the release ($26,155.84) made payable jointly to Hurley and her counsel. Hurley then distributed these funds to her creditors pursuant to her confirmed plan of reorganization.

After Affiliated disbursed the funds to Hurley, and after Hurley distributed the funds under her plan, Gaertner received a bank statement from Affiliated indicating the debit from his checking account. Gaertner then demanded that Affiliated reimburse his account because no order had been entered by this Court allowing the disbursement of funds to Hurley. Affiliated in turn demanded Hurley to return the funds to Affiliated. Hurley has refused Affiliated's demand and, meanwhile, Gaertner's appeal of the underlying judgment is pending.

## II. ARGUMENTS

Affiliated's argument is straightforward; Affiliated argues it is not at fault. The premature payment was either Gaertner's fault for not obtaining a stay of enforcement of the judgment pending appeal or it was Hurley's fault for delivering a "release" of a judgment in garnishment when no judgment in garnishment had been entered by this Court. If Gaertner is at fault, Hurley keeps the money. If Hurley is at fault, Hurley should be liable to reimburse Gaertner.

Hurley's argument is similar; she, too, argues it is not her fault. Gaertner never sought to stay enforcement of Hurley's judgment and Hurley proceeded to garnish Gaertner's account. Hurley does not object to a *nunc pro tunc* order authorizing the premature payment made by Affiliated; however, Hurley objects to returning funds to Affiliated. Affiliated asked for a release of judgment and Hurley delivered a release of judgment, albeit a release of the wrong judgment. If Affiliated is deemed to have prematurely paid Hurley, this is

the risk Affiliated assumed by not requiring an appropriate order by this Court.

Gaertner, not surprisingly, argues that he, too, is not at fault. Gaertner argues that Hurley improperly initiated garnishment proceedings. Hurley admits that she initiated garnishment by summons pursuant to F.R.C.P. 64 and, according to Gaertner, Hurley should have initiated garnishment pursuant to F.R.C.P. 69(a). Gaertner maintains that Rule 69(a) required execution on Hurley's judgment to have been initiated by a federal writ of execution, as this Court had not ordered otherwise. Alternatively, if state law applied, a certified copy of the judgment should have been delivered to the sheriff or other proper officer. Because Hurley failed to properly initiate garnishment, Gaertner argues that he did not need to post a supersedeas bond or other security to stay proceedings. Moreover, in Gaertner's view, Affiliated was obligated by statute to hold the funds pending further court order and he was entitled to receive notice before Affiliated paid Hurley. Upon receiving such notice, Gaertner would have prevented this Court from entering judgment in garnishment by pleading Hurley's jurisdictional defects.

Each party's conclusion regarding fault is flawed. No party is without fault. Hurley delivered a "release" of the underlying judgment instead of a release of judgment in garnishment. Affiliated paid out the funds based on this facially inapplicable release and without obtaining an order from this Court authorizing payment. Gaertner elected to appeal the underlying judgment without obtaining a stay and instead waited to spring an alleged jurisdictional defect to thwart garnishment. If this Court sought to resolve this dispute in favor of the party without fault, there could be no winner.

## III. ANALYSIS

Gaertner's main argument is that the garnishment proceedings are void *ab initio* because Hurley improperly relied on F.R.C.P. 64 (made applicable here by Bankruptcy Rule 7064) to initiate garnishment instead of F.R.C.P. 69(a) (made applicable

here by Bankruptcy Rule 7069). Gaertner is only partially correct. Rule 64 speaks in terms of state law remedies employed "[a]t the commencement of and during the course of an action" for judgments "ultimately to be entered". Therefore, Rule 64 governs remedies prior to judgment, not post-judgment proceedings. *See generally,* 11 Wright and Miller, Federal Practice and Procedure § 2931 (1973).

It is Rule 69(a) that governs post-judgment proceedings:

> [p]rocess to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held. . . .

Focussing only on the first sentence of Rule 69(a), Gaertner argues that Hurley could not initiate a garnishment without prior court authorization. It is, however, the second sentence that governs the outcome of this matter.

■■■ The first sentence of Rule 69(a) applies to proceedings to enforce the judgment directly against the debtor's property, as is typically done by writ of execution, the only "process" mentioned in that sentence. But the second sentence is not so limited. It provides that state law procedure be followed for proceedings supplementary to judgment. Garnishment is a proceeding supplementary to judgment. *In re Marriage of McElwee,* 230 Ill.App.3d 714, 172 Ill.Dec. 377, 380, 595 N.E.2d 738, 741 (Ill.App. 5th Dist.1992) ("garnishment proceedings under section 12–701 . . . are regarded as 'supplementary proceedings' within the meaning of section 2–1402"); *cf. Grenada Bank v. Willey,* 694 F.2d 85, 87 n. 2 (5th Cir.1982) (writ of garnishment, without writ of execution, proper procedure under Rule 69(a) and Mississippi state law). Rule 69(a) does not require a prior court order before garnishment proceedings may be commenced. Therefore, the question is

whether Hurley properly commenced a garnishment proceeding under Illinois law.

■ Illinois law at one time required a writ of execution returned wholly or partially unsatisfied as a precondition to garnishment. *Zimek v. Ill. Nat'l Cas. Co.*, 370 Ill. 572, 575, 19 N.E.2d 620 (Ill.1939). However, not only has the writ of execution been abolished by Ill.Rev.Stat., Ch. 110, ¶ 2–1501 (its purpose now served by a certified copy of the judgment under Ill.Rev. Stat., Ch. 110, ¶ 12–111), the return of process wholly or partially unsatisfied is no longer a prerequisite to garnishment. *See* Ill.Rev.Stat., Ch. 110, ¶¶ 12–701 et. seq.; *cf.* Ill.Rev.Stat., Ch. 110, ¶ 2–1402(a) ("[i]t is not a prerequisite to the commencement of a supplementary proceeding [under ¶ 2–1402] that a certified copy of the judgment has been returned wholly or partly unsatisfied."). Rather, Illinois garnishment proceedings are commenced upon the filing of the judgment creditor's affidavit. *See* Ill. Rev.Stat., Ch. 110, ¶ 12–701. Upon filing of a proper affidavit, the clerk of the court issues summons in accordance with ¶ 12–705. Gaertner does not dispute that these procedures have been followed in this case. Therefore, there is no jurisdictional defect in Hurley's garnishment proceeding.

Illinois law requires the garnishee-defendant to answer interrogatories filed with the affidavit and served with the summons. *See* Ill.Rev.Stat., Ch. 110, ¶ 12–701. Affiliated answered that it was indebted to Gaertner by reason of a $25,000 checking account. Affiliated did not assert any offsetting claims or defenses. *See* Ill.Rev. Stat., Ch. 110, ¶¶ 12–707, 12–708. Furthermore, Gaertner never obtained a stay of enforcement of the underlying judgment pursuant to Bankruptcy Rules 7062 and 8005. Therefore, it would have been appropriate to enter a judgment in the garnishment proceeding in accordance with Rule 69(a). *Cf. Laborer's Pension Fund v. Dirty Work Unlimited, Inc.*, 919 F.2d 491, 494 (7th Cir.1990) (state law procedures for turnover govern under F.R.C.P. 69(a); court not required to enforce its order by writ of execution).

■ Gaertner, however, argues that Illinois garnishment procedure requires notice to the judgment debtor and that he received no notice of Affiliated's intention to disburse funds to Hurley. Gaertner maintains that had he been given the notice required by law he would have thwarted the garnishment proceeding by raising Hurley's jurisdictional defect or obtaining a stay of enforcement of the underlying judgment. First, no notice to the judgment debtor is required by statute. *See* Ill.Rev. Stat., Ch. 110, ¶¶ 12–701 et seq. Nor, as the Illinois Supreme Court has held, is lack of notice in non-wage garnishment violative of due process. "His knowledge of the principal action against him is sufficient warning that his adversary may be expected to take all available steps to obtain satisfaction of any judgment rendered." *Zimek*, 370 Ill. at 574, 19 N.E.2d 620. (predecessor Illinois garnishment statute) [1]. More important, while it has been suggested that the Illinois non-wage garnishment statute may be violative of due process under certain circumstances not raised by Gaertner [2], Gaertner has had an opportunity to be heard regarding any objections to the garnishment proceeding. Therefore, because this Court has heard and rejected the arguments that Gaertner claims he was deprived of making, Gaertner's argument regarding notice and due process is moot. Finally, Gaertner knew he was taking a chance by not getting a stay immediately. He had no constitutional or statutory right to be protected against the foreseeable risk of that decision.

■ Irrespective of the jurisdiction and notice issues, Gaertner alternatively argues that a judgment in garnishment is premature when an appeal of the underlying judgment is pending, citing *Ancateau v. Commercial Casualty, Inc. Co.*, 318 Ill.

---

1. *Scott v. Danaher*, 343 F.Supp. 1272 (N.D.Ill. 1972), cited by Gaertner, required notice with respect to garnishment initiated to satisfy a judgment obtained by *confession* and, therefore, is inapposite.

2. *See Jacobson v. Johnson*, 798 F.Supp. 500 (C.D.Ill.1991) (deprivation of exempt assets without notice).

App. 553, 48 N.E.2d 440 (Ill.App. 2nd Dist. 1943). The court in *Ancateau* held a garnishment proceeding to be premature when the appeal of the underlying judgment was pending *and* the liability of the garnishee to the judgment debtor was contingent until the appeal was heard. *Id.,* 318 Ill.App. at 563, 48 N.E.2d 440. To the extent that Gaertner relies on *Ancateau,* his reliance is misplaced because Affiliated's liability to Gaertner was not contingent[3]. Moreover, courts have rejected Gaertner's narrow reading of *Ancateau* and these courts have held that an appeal alone does not render a garnishment proceeding premature. *See Kooyenga v. Hertz Equipment Rentals, Inc.,* 79 Ill.App.3d 1051, 35 Ill.Dec. 382, 399 N.E.2d 216 (Ill.App. 1st Dist.1979) and cases cited therein; *compare Burkart v. Toraason,* 107 Ill.App.3d 92, 62 Ill.Dec. 861, 862, 437 N.E.2d 388, 389 (Ill.App. 3rd Dist.1982) (contingent liability clause in insurance agreement rendered garnishment proceeding against insurer-garnishee premature). Gaertner had an opportunity to stay enforcement of the judgment pending the outcome of the appeal by posting a supersedeas bond pursuant to Bankruptcy Rules 7062 and 8005. Had Gaertner obtained a stay of enforcement of the underlying judgment, the garnishment proceeding, as a proceeding supplementary to and in aid of a judgment, would have been stayed as well. Affiliated and Hurley are not responsible for Gaertner's failure to stay enforcement of the judgment. *Kooyenga,* 79 Ill.App.3d at 1061, 35 Ill.Dec. 382, 399 N.E.2d 216.

■ Finally, Gaertner claims that Affiliated disbursed funds to Hurley in violation of its statutory duty under ¶ 12–707 to hold the funds pending court order and did so "at its peril". To a degree, Gaertner is correct. Affiliated paid Hurley without this Court first ordering judgment in garnishment and there is no basis for entering an order approving of Affiliated's conduct *nunc pro tunc.* Thus, the real "peril" of

which Gaertner speaks is the risk that Affiliated assumed in the event a garnishment judgment is not entered. *See In re Marriage of Souleles,* 111 Ill.App.3d 865, 67 Ill.Dec. 485, 489, 444 N.E.2d 721, 725 (Ill.App. 1st Dist.1982) (garnishee liable to judgment debtor when court refused to enter judgment in garnishment)[4]. If a judgment in garnishment is not entered, Affiliated cannot obtain the discharge of Gaertner's claim against it. *See* Ill.Rev.Stat., Ch. 110, ¶ 12–712.

■ This is the same risk assumed by a judgment debtor who chooses not to stay proceedings and pays the judgment while an appeal is pending. In the event judgment is overturned, the judgment creditor, to whom payments were previously made, may be judgment proof. That is, if Gaertner is successful on appeal and if Affiliated does not obtain the ¶ 12–712 discharge, Affiliated still would be indebted to Gaertner and Affiliated's only recourse would be against Hurley. But this Court has decided to enter judgment in garnishment now. As noted, all the requirements for such a judgment exist and Gaertner has offered no persuasive reason why Affiliated should bear the risk that Hurley will lose an appeal. Nor has Gaertner shown why the result that would have obtained in June, 1992, if proper procedures had been followed, should not obtain now.

■ All that is left of Gaertner's argument is whether Affiliated should not be permitted to credit its premature payment to Hurley against the garnishment judgment. The Illinois Supreme Court has rejected this final argument on essentially the same facts. In *Sandburg v. Papineau,* 81 Ill. 446 (1876), the court addressed the fate of a garnishee who prematurely satisfied a conditional garnishment judgment. In *Sandburg,* the garnishee was obligated to the judgment debtor by reason of a separate judgment. The third party judgment creditor sought to garnish any payments which its judgment debtor was

---

3. Section 12–713 of the Illinois garnishment statute now provides that a judgment in garnishment should not be entered until the debt from the garnishee to the judgment debtor is due.

4. There may be an additional risk to a garnishee if the underlying judgment is void *ab initio. See e.g., O'Toole v. Helio Products, Inc.,* 17 Ill.App.2d 82, 149 N.E.2d 795 (1st Dist.1958).

**304**

entitled to receive from the garnishee. The garnishee failed to answer and a conditional judgment was entered. The garnishee then paid the judgment creditor thinking he was obligated to do so and attempted to deduct that amount from the balance he owed to his creditor, the judgment debtor. After payment by the garnishee, the conditional garnishment judgment was made absolute. The judgment debtor claimed, as does Gaertner here, that the premature payment deprived the garnishee of an offset against the indebtedness owed by the garnishee to the judgment debtor.

The *Sandburg* court recognized that the garnishee "paid the money to them at his peril. Had the conditional judgment not been made absolute, his payment to [the judgment creditor] would not have protected him against again paying it to appellant." *Id.* at 449. However, finding the judgment debtor's argument regarding credits against a final judgment "devoid of all merit" and contrary to what "is obvious to all right thinking persons", the court held that it had the inherent power "to compel credits on judgments or executions, where it would be illegal or inequitable to proceed to collect the amount claimed." *Id.* at 448–449. There is no reason to veer from this venerable decision. This is especially true given that, by operation of statute, the funds held by Affiliated were encumbered by a lien in favor of Hurley when Affiliated paid them. *See* Ill.Rev.Stat., Ch. 110, ¶ 12–707(a). Indeed, not giving Affiliated a credit would result in a windfall to Gaertner. Therefore, this Court will enter judgment in garnishment and credit Affiliated's payments against the judgment, rendering Gaertner's claims against Affiliated discharged to the extent of "property paid, delivered or accounted for by the garnishee by virtue of the judgment in garnishment." *See* Ill.Rev.Stat., Ch. 110, ¶ 12–712.

## IV. CONCLUSION

For the foregoing reasons, three separate orders will be entered, one denying Affiliated's Motion for Return of Funds, another denying Gaertner's Motion to Quash Summons and Invalidate Proceedings, and a third granting judgment in gar-

nishment against Affiliated and in favor of Gaertner, as nominal plaintiff in garnishment, and crediting Affiliated's payment to Hurley against the judgment in garnishment. Hurley and Gaertner agreed to treat the underlying adversary proceeding as a core proceeding under 28 U.S.C. § 157(b)(2)(O), so this Court had jurisdiction to enter a final judgment in the underlying proceeding. Therefore, this Court has jurisdiction to enter a final order in this ancillary proceeding. This Memorandum Opinion serves as findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.